## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 2000-CA-00877-SCT

*PATTIE ROBERTS*

*v.*

*NEW ALBANY SEPARATE SCHOOL DISTRICT*

### ON MOTION FOR REHEARING

DATE OF JUDGMENT:                    05/01/2000
TRIAL JUDGE:                         HON. R. KENNETH COLEMAN
COURT FROM WHICH APPEALED:           UNION COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              GERRY M. BLAKER, II
ATTORNEY FOR APPELLEE:               THAD J. MUELLER
NATURE OF THE CASE:                  CIVIL - PERSONAL INJURY
DISPOSITION:                         REVERSED AND REMANDED - 04/11/2002
MOTION FOR REHEARING FILED:
MANDATE ISSUED:                      5/2/2002

**EN BANC.**

**PITTMAN, CHIEF JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing is granted. The original opinions are withdrawn, and this opinion is substituted therefor.

¶2. Pattie Roberts filed suit in the Circuit Court of Union County against the New Albany Separate School District to recover damages caused when she stepped into a small hole and fractured her ankle on the grounds of the New Albany Middle School. The circuit court, Judge R. Kenneth Coleman presiding, granted New Albany's motion to dismiss for failure to state a claim on the grounds that the statute of limitations had elapsed and her claim was now barred. From this ruling, Roberts appeals.

### FACTS

¶3. While Roberts was attending a yard sale at the New Albany Middle School on August 8, 1998, she stepped into a small hole and fractured her ankle. As a result of the accident, she required surgery on her ankle and extensive physical therapy. On August 3, 1999, Roberts sent notice of her claim for damages to Kenneth Quinn, the superintendent of the New Albany school district. Then, on December 6, 1999, Roberts filed suit against the school district. Three weeks later, the school district filed a motion to dismiss the complaint as barred by the statute of limitations. This motion was granted, and the action was dismissed without prejudice.

### STANDARD OF REVIEW

¶4. We apply the de novo standard when reviewing the granting of a Miss. R. Civ. P. 12(b)(6) motion. *Arnona v. Smith*, 749 So. 2d 63, 65-66 (Miss. 1999). As such, we sit in the same position as did the trial court. Furthermore, statutory interpretation is a question of law, and we also review questions of law de

novo. *[Donald v. Amoco Prod. Co.](#)*, 735 So. 2d 161, 165 (Miss. 1999). Therefore, we are not required to defer to the trial court's judgment or ruling. In order to affirm the granting of dismissal, we must decide that Roberts failed "to state a claim upon which relief can be granted." Miss. R. Civ. P. 12(b)(6).

## DISCUSSION

### WHETHER THE NOTICE OF CLAIM AMENDMENT TO § 11-46-11(3) OF THE MTCA SHOULD BE APPLIED RETROACTIVELY TO A CLAIM THAT ACCRUED PRIOR TO THE AMENDMENT WHEN THE NOTICE OF CLAIM AND COMPLAINT WERE FILED AFTER THE EFFECTIVE DATE OF AMENDMENT.

¶5. On March 25, 1999, our Legislature extended the period of time a notice of claim tolled the statute of limitations for actions brought against governmental entities under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 through -23 (Supp. 2001). Section 11-46-11(3) of the Act originally read in pertinent part:

> All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful, or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days....

The amended statute reads, in part, as follows:

> All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days **from the date the chief executive officer of the state agency receives the notice of claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity.** . . .

Miss. Code Ann. § 11-46-11(3) (Supp. 2001) (emphasis added).

¶6. Recently, this Court has examined the effect the amendment to this statute has on litigation pending at the time of its passage. In *[Hollingsworth ex rel. McDonald v. City of Laurel](#)*, 808 So. 2d 950 (Miss. 2002), we recognized a limited exception to the rule that statutes will be given prospective application only. "[W]here an amended statute remedially lengthens a statute of limitations, [this Court] will apply the amendment to existing causes." *Id.* at ¶17 (citing *Kilgore v. Barnes*, 508 So. 2d 1042, 1045 (Miss. 1987)). "While not completely retroactive, this exception gathers the claims pending at the time of the statute's

amendment and not barred by its previous limitation and gives them the benefit of the longer limitations period."*Id.*

¶7. Applying this rule to the facts at hand, Roberts filed her complaint in a timely fashion, and the trial court's ruling dismissing her suit must be reversed. We note defense counsel's admission on the record that under the amended statute, Roberts's suit was timely instituted, but after examining the record for ourselves we find this to be correct. Roberts was injured on August 8, 1998. She gave notice of her claim to the school district within the one-year statutory time period on August 3, 1999, tolling the statute of limitations for 120 days. One hundred twenty-five days later, after the 120-day period allowed for the school district to provide notice of denial of claim but within the subsequent 90-day period available for filing suit, Roberts filed the present action. There is no notice of denial of claim in the record so the full measure of the 120-day period runs in Roberts's favor. Her suit, therefore, was timely filed, and the dismissal of this suit must therefore be reversed.

## CONCLUSION

¶8. For these reasons, the judgment of the Union County Circuit Court is reversed, and this case remanded to that court for further proceedings consistent with this opinion.

¶9. **REVERSED AND REMANDED.**

**McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**