797 So.2d 1062 (2001)
Roger B. BURGE and Courtney Amber Burge, a minor, by and through her Father and Next Friend, Appellants,
v.
RICHTON MUNICIPAL SEPARATE SCHOOL DISTRICT, Appellee.
No. 2000-CA-01844-COA.
Court of Appeals of Mississippi.
October 16, 2001.
M. Marcia Smalley, Hattiesburg, Attorney for Appellants.
Thomas A. Waller, Robert Elliott Briggs III, Gulfport, Attorneys for Appellee.
*1063 Before KING, P.J., BRIDGES, and IRVING, JJ.
BRIDGES, J., for the Court:

PROCEDURAL HISTORY AND FACTS
¶ 1. On or about August 23, 1998, Roger Burge provided written notification to the Richton Municipal Separate School District that his daughter, Courtney Amber Burge, should not be picked up from school by her mother and non-custodial parent, Melinda Burge Lea, without a signed court order allowing her to do so. However, on December 17, 1998, Lea was seen on the school's campus just before she abducted Courtney from her unsupervised classroom.
¶ 2. The Burges properly filed a notice of claim in accordance with Miss.Code Ann. § 11-46-11(1) (Supp.2000), informing the school district of their intent to file a complaint against it for negligence in allowing Lea to take Courtney from its property. The Burges allege that this incident has caused them severe emotional and mental distress and they wish to be compensated for such. Because the notice of claim was filed according to statutory guidelines, an extension of ninety-five days was added to the one-year statute of limitations in which the Burges had to file a complaint in this matter. Miss.Code Ann. § 11-46-11(3) (Supp.2000). The complaint was not filed against the school district, however, until May 23, 2000, after the one-year plus ninety-five days allowed, which had run on March 21, 2000.
¶ 3. The school district subsequently filed a motion to dismiss for failure on the Burges' part to file a timely complaint. A response to this motion was never filed by the Burges, but arguments were heard on this issue on September 28, 2000. The trial court granted the dismissal in favor of the school district and dismissed the case with prejudice. Following that ruling, a timely notice of appeal was filed by the Burges.

LEGAL ANALYSIS
¶ 4. In their brief before this Court, the Burges tirelessly argue that, because the courts have moved from a mandatory compliance standard to a substantial compliance standard on the notice of claim requirement under Miss.Code Ann. § 11-46-11(1) (Supp.2000), we should take the step to consider also applying a standard of substantial compliance to the subsection of that statute which dictates the limitations period in which to file a complaint. Miss. Code Ann. § 11-46-11(3) (Supp.2000). That subsection reads as follows:
All actions brought under the provisions of this chapter shall be commenced within one year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five days from the date the chief executive officer of the state agency receives the notice of claim.... After the tolling period has expired, the claimant shall then have an additional ninety days to file any action against the governmental entity served with proper claim notice.
Miss.Code Ann. § 11-46-11(3) (Supp.2000).
¶ 5. The action in this case accrued on December 17, 1998, the day that Lea walked onto school grounds and removed her daughter without a court order. The one-year statute of limitations in which to file a claim against the school district for its negligence would have run on December 17, 1999. However, it is *1064 undisputed that a notice of claim was timely and properly filed by the Burges according to Miss.Code Ann. § 11-46-11(1) (Supp.2000). Therefore, the statute of limitations on this action would be tolled for ninety-five days after December 17, 1999, which would have allowed the Burges to filed their claim up until March 21, 2000. After March 21, 2000, the Burges' claim was lost.
¶ 6. While it would appear, at first glance, from the amendments to § 11-46-11(3) found in the 2000 supplement, that the Burges would then have had an additional ninety days after March 21, 2000, to file the action against the school district, thereby giving them until June 19, 2000, this is not the case. Miss.Code Ann. § 11-46-11(3) (Supp.2000). As well, it is not the case that the Burges could argue that the minors' savings clause under Miss.Code Ann. § 11-46-11(4) (Supp.2000) would save their action here. Both of these provisions were not yet in effect at the time the action occurred on December 17, 1998.
¶ 7. "The legislature shall have no power to revive any remedy which may have become barred by lapse of time, or by any statute of limitation of this state." MISS. CONST., art. 4, § 97. See also Cole v. National Life Insurance Company, 549 So.2d 1301, 1307 (Miss.1989). Applying either the provision in Miss.Code Ann. § 11-46-11(3) (Supp.2000), allowing for the additional ninety days to file a claim, or the minors' savings clause found in Miss.Code Ann. § 11-46-11(4) (Supp.2000), to circumvent the March 21, 2000 deadline would therefore be unconstitutional. Cole, 549 So.2d at 1307.
¶ 8. The Burges' argument that the statute of limitations here should be reduced to a substantial compliance standard rather than a strict compliance standard is a far-reaching claim indeed. While they are correct in pointing out that the Mississippi Supreme Court has ruled in recent years that the notice of claim requirements should be changed to this lower standard, this has no relevance to the statute governing limitations here. See Ferrer v. Jackson County Board of Supervisors, 741 So.2d 216 (Miss.1999); Carr v. Town of Shubuta, 733 So.2d 261 (Miss.1999) (both overruling the strict mandatory compliance standard for the notice of claim requirement set out in City of Jackson v. Lumpkin, 697 So.2d 1179 (Miss.1997)).
¶ 9. These statutes of limitation set out by our legislature serve very valid purposes. Mississippi Dept. of Public Safety v. Stringer, 748 So.2d 662, 666 (Miss.1999); Cole v. State, 608 So.2d 1313, 1317 (Miss. 1992). According to the Mississippi Supreme Court in Stringer, one important reason for our one-year statute of limitations under the Mississippi Tort Claims Act is to "protect the State's interest in conserving government funds and protecting the public health and welfare at the earliest possible moment." Stringer, 748 So.2d at 666. Furthermore, it has been said that the primary purpose for limitations statutes in general is to make sure that a right of action is pursued within a "reasonable" amount of time. Cole, 608 So.2d at 1317.
These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. They are designed to suppress assertion of false and stale claims, when evidence has been lost, memories have faded, witnesses are unavailable, or facts are incapable of production because of the lapse of time.
Id. The court in Cole goes on to hold that simply because a time-barred claim is an honest and possibly merited claim, or because it has "the sanction of a moral obligation," *1065 it does not become exempt from the limitation period. Id.
¶ 10. Additionally, as argued by the school district, the doctrine of equitable estoppel would not work to avert the Burges' limitations problem here. "Inequitable or fraudulent conduct must be established to apply the doctrine of equitable estoppel to a statute of limitations." Trosclair v. MDOT, 757 So.2d 178, 181 (Miss. 2000); Stringer, 748 So.2d at 665. We find no such conduct to be present on the part of the school district according to the evidence presented. As such, we are not required to apply the doctrine to avoid a "serious injustice" in this case. Trosclair, 757 So.2d at 181.
¶ 11. Because of the notable purposes served by our statutes of limitation, we decline to relax those limitations into a standard of substantial compliance simply because the Burges ask us to do so. They would request that this Court take the moral "high-ground" here, but we are not at liberty to make such a decision based on whatever our feelings may be about this case. We find that a conclusion predicated on morality and emotions would not be in the best interest of justice and society. The Burges have not convinced us that, simply because a lower standard has been applied by the Mississippi Supreme Court to the notice of claim requirement, the same should be done for our one-year statute of limitations here. It stands to reason that there would be no need to legislate limitation periods at all if we are simply going to allow plaintiffs to only "substantially comply" with them. Because the Burges filed a proper and timely notice of claim according to Miss.Code Ann. § 11-46-11(1) (Supp.2000), they were entitled to ninety-five extra days in which to file their cause of action past the one-year deadline. They did not do so. That is neither the fault of this Court nor the school district.
¶ 12. Because this action was defunct after March 21, 2000, and because it cannot be revived according to the cited mandates by the Mississippi Constitution, which have been recognized by the Mississippi Supreme Court, we affirm the decision of the lower court to grant a dismissal with prejudice to the school district for the reason that the claim was statutorily time-barred at the time it was filed on May 23, 2000.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF PERRY COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING P.JJ., THOMAS, IRVING, MYERS AND CHANDLER, JJ., CONCUR. SOUTHWICK, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J. AND BRANTLEY, J. LEE, J., NOT PARTICIPATING.
SOUTHWICK, P.J., Concurring:
¶ 14. The majority concludes that the time period for filing a claim against a governmental entity could not be extended by the legislature once the cause of action had accrued, even though the initial filing deadline had not yet been reached. I disagree. However, I find that even if the statute is interpreted in what I believe is the correct manner, the suit still was untimely.
¶ 15. In my view, the majority has found a rule that prevents reviving deceased claims. It then attempts to fit that rule to the prolonging of existing claims. Certainly, once a cause of action has expired by the running of a statute of limitations, the legislature is without power to reinstate the claim by creating a longer *1066 time period to sue. But that is not what happened here.
¶ 16. The cause of action accrued on December 17, 1998. Effective March 25, 1999, or barely three months later, the legislature permitted claimants against governmental entities to file a notice within one year of the cause of action of the intent to sue; the statute of limitations was tolled for 120 days from the date that an entity such as this municipal school district received notice of a claim; suit had to be filed 90 days either from the end of that period or from any earlier date that the claim was denied. Miss.Code Ann. § 11-46-11(3), as amended by 1999 Miss. Laws ch. 469.
¶ 17. The statutory change could have been explicitly made effective only as to causes of action accruing thereafter. Instead, the statute was simply made effective on its date of passage, March 25, 1999. 1999 Miss. Laws ch. 469, § 2.
¶ 18. Two remaining questions exist once we see that the statute does not by its own terms only apply to later causes of action. One is whether an immediately effective statute granting an additional period of time within which to file suit can constitutionally apply to pending claims, and if so, whether this statute is properly interpreted as having done so.
¶ 19. The constitutional point is simple. A statute that shortens the time within which to file suit is not to be applied to pending claims. Kilgore v. Barnes, 508 So.2d 1042, 1044-45 (Miss.1987). However, a statute that extends the period within which to file suit can be applied to pending claims. Id. at 1045. Thus, I disagree with the majority's contrary conclusion.
¶ 20. The final issue, then, is whether this statute by just stating it becomes effective on a certain date, actually gives the benefits of its changes to claims that were then pending. In other words, it would be constitutional to do so, but as a matter of statutory interpretation, should this statute be so read? The Supreme Court in some cases has said that changes to statutes of limitations are prospective in the absence of a clear legislative statement directing retroactivity. Cole v. National Life Ins. Co., 549 So.2d 1301, 1305 (Miss. 1989). Occasionally the court has held otherwise. Christmas v. State, 700 So.2d 262, 268 (Miss.1997). We are left with the need to decide how to apply this amendment that has left the one-year statute of limitations unchanged, but altered the procedural deadlines once notice of a claim has timely been given to a governmental entity.
¶ 21. First, I find that the most natural reading of the amendment is that it applied. To prevent the new processing requirements from applying would likely require positive language from the legislature, since the 1999 amendment was the effective statute well before the claim was filed on October 7, 1999. Such positive language could include that it would apply only to causes of action accruing after that date, but as pointed out, no such language is in this enactment.
¶ 22. Further, the Supreme Court has held that procedural changes are implicitly retroactive. In one case, a new obligation was imposed by statute before a municipality could exercise the power of eminent domain. The statute was adopted after the city had commenced condemnation, but the court applied the amendment anyway. City of Clarksdale v. Mississippi Power & Light Co., 556 So.2d 1056, 1057 (Miss. 1990). The court held that a weakening of an attorney ethics interpretation would be applied retroactively. Walls v. Mississippi State Bar, 437 So.2d 30, 33 (Miss.1983). These cases have even been used in settings well beyond procedure and agencies *1067 to hold that if "cases are in the bosom of this Court and there is involved a statute that is modified prior to a final decision of this Court, we take that modification into consideration." Bell v. Mitchell, 592 So.2d 528, 533 (Miss.1991) (probate); Massingill v. Massingill, 594 So.2d 1173, 1176 (Miss. 1992) (divorce action procedural change). We are addressing a procedural change that I find should have been applied to claims not yet barred at the time it became effective.
¶ 23. Since this statute applies to the claim in this case, at least to the extent that it would cause an extension and not a contraction of the time within which to file, it then becomes necessary to determine just when Burge had to act under this statute.
¶ 24. The 1999 changes were adopted specifically for the purpose "to clarify notice of claim requirements under the Tort Claims Act," and for related purposes. 1999 Miss. Laws ch. 469, caption. This amendment consisted of a long insert into the statute, which I have underlined. No language was removed or altered from the previous statute:
(3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days [.] from the date the chief executive officer of the state agency receives the notice of claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity. All notices of denial of claim shall be served by governmental entities upon claimants by certified mail, return receipt requested, only. For purposes of determining the running of limitations periods under this chapter, service of any notice of claim or notice of denial of claim shall be effective upon delivery by the methods statutorily designated in this chapter. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.
1999 Miss. Laws ch. 469, § 1.
¶ 25. As can be seen, prior to 1999 the statute provided only that the one year statute of limitations was "tolled" for 95 days by the filing of notice. 1993 Miss. Laws ch. 476, § 5. To "toll" a statute of limitations is to "suspend or stop temporarily...." BLACK'S LAW DICTIONARY 1488 (6th ed.1990). Thus the one year period, whether it was interrupted after one day *1068 or after eleven months and 29 days, was suspended for 95 days and then resumed at the point that it had earlier been suspended. As a result of the 1999 change, the filing of a notice now no longer just suspended the one year statute of limitations. The one year limitations period is still said to be "tolled," but the statute then provides that the 90 day period within which to file suit begins at the end of the tolling period. True, when the statute provides that the claimant has "an additional 90 days" to file after the tolling period has run, this creates some minimal ambiguity. "Additional" to what? Is it to the entire tolling period plus the one year or just in addition to the end of the tolling period? What "additional" means is made clear by the next sentence, which provides that if the governmental entity rejects the claim in less time than the tolling period would allow, "then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity." The phrase "additional ninety days" surely means the same in both places. Therefore, once the 120 days has expired or once the governmental body has rejected the claim if that is sooner, the claimant has 90 days within which to file suit.
¶ 26. This means that the statute might better be understood as providing a one year period within which to file a notice of claim. Once that is filed, a state agency has 95 days and other governmental bodies 120 days to respond to the claim. Then beginning with the end of those time periods or with an earlier denial, the claimant has 90 days to file suit.
¶ 27. This is a reasonable procedure. No matter when a claimant gives timely notice and no matter when or if a governmental entity timely responds, the claimant will have 90 days either from the date a timely denial is received or from the end of the period for a response.
¶ 28. Applying that statute to the claim in this case, we find the following:
1) Burge gave notice to the school district on October 7, 1999, within the one year period from the accrual of the cause of action on December 17, 1998.
2) The deadline for the school's response was 120 days from October 7, but it never responded. On February 4, 2000, the 120 days expired.
3) Burge had 90 days from February 4 to file suit, or May 4. Instead, suit was filed on May 23, 2000. By then yet another version of the statute was in existence. That solely added a savings for minors that did not even apply to a claim until May 15, 2000. 2000 Miss. Laws ch. 315, § 1.
¶ 29. Under the old statute, Burge would have had one year and 95 days from December 17, 1998, or until March 21, 2000. So the new statute did not shorten the permitted time.
¶ 30. What is troubling about any situation such as this is that important rights of a party are being affected by the need to interpret a less than perfectly clear statute. Yet, I find no other reasonable reading of the statute. Any suggestion that a claimant has one year plus 95 (or 120) days plus 90 days must overcome both the natural reading of the overall statute and the specific interpretation barrier that "the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity."
¶ 31. Erring on the side of early filing is a means to avoid risks arising from *1069 interpretation doubts. Indeed, the claimant did not argue the liberal interpretation that I have suggested and found to be unreasonable. Instead, the plaintiff unconvincingly sought to apply the open-ended "substantial compliance" caselaw that has developed under this statute.
¶ 32. I agree with affirming the dismissal of this suit.
McMILLIN, C.J., AND BRANTLEY, J., JOIN THIS SEPARATE OPINION.