831 So.2d 1211 (2002)
Bobbie P. MARSHALL, individually and as next friend of Jeremy Ray Marshall, Andrew Thomas Marshall, Brandon Matthew Marshall and Kristen Renae Marshall, Minors, Appellant,
v.
WARREN COUNTY BOARD OF SUPERVISORS and Beth Britt, Individually, Appellees.
No. 2001-CA-01138-COA.
Court of Appeals of Mississippi.
December 3, 2002.
Nancy Guy Armstrong, McComb, Marcie Tanner Southerland, Vicksburg, attorneys for appellant.
R.E. Parker, Jr., Clifford C. Whitney, Vicksburg, attorneys for appellees.
Before KING, P.J., IRVING, CHANDLER, and BRANTLEY, JJ.
CHANDLER, J., for the court.
¶ 1. The Warren County Circuit Court dismissed as time-barred Bonnie Marshall's action against the Warren County Board of Supervisors, which was brought under the Mississippi State Tort Claims Act. See Miss.Code Ann. §§ 11-46-1 through 11-46-23 (Supp.2001). Bonnie Marshall appeals, asserting that the circuit court erred in finding that the complaint was time-barred. We find that Marshall's action is time-barred.

FACTS
¶ 2. Bonnie Marshall's husband, Gerald, had a history of being hospitalized for depression. In July of 1999, he began to exhibit violent behavior. On July 31, 1999, Gerald's mother, JoAnn Dornbush, went to the Warren County Chancery Clerk's office and filed an affidavit for his civil commitment. The Warren County Sheriff's Office took Gerald Martin into custody. However, an official with the chancery clerk's office told Dornbush that Gerald Martin's problems were related to drugs and alcohol, and the sheriff's office refused *1212 to hold him. He was released without any provision for his medical or psychological needs. One day later, he took an overdose of prescription medication and died several days later.
¶ 3. At some point in time, Marshall obtained legal counsel, and on March 1, 2000, counsel gave notice to Warren County of an asserted wrongful death claim. Warren County received this notice on March 6, 2000. It appears from the record that at some uncertain point in time, Marshall and her original counsel ended their agreement for representation, because on November 2, 2000, Marshall filed the present claim pro se. The record shows no subsequent appearance or filing by the original counsel. However, Marshall did obtain substitute counsel, who filed an amended complaint on February 9, 2001, and represents Marshall in her appeal.

ANALYSIS
¶ 4. There is no factual question before this Court. The circuit court found that the action arose on July 31, 1999. Warren County received notice of her claim on March 6, 2000. The action was filed on November 2, 2000. Neither party contests these facts. Rather, the determinative issue is the application of a statute of limitations of Mississippi State Tort Claims Act. An appellate court grants a de novo standard of review to the statutory interpretation of a circuit court. Roberts v. New Albany Separate Sch. Dist., 813 So.2d 729(¶ 4) (Miss.2002). The construction given to the 1999 amendment of Mississippi Code Annotated Section 11-46-11 (Supp.2001) is determinative in this case.[1]
¶ 5. There is no controversy that the current notice and tolling provisions apply to this case. However, the previous version of the statute affected the circuit court's reasoning in its construction of the current version. All versions of the statute require that Mississippi State Tort Claims Act claims be brought within one year of when the cause of action arose. But, the pre-1999 version differs from the post-1999 versions on the determinative issue in this case: when and for how long the one-year statute of limitations is tolled when a plaintiff gives a governmental entity notice of a pending claim prior to filing an action based on that claim. Prior to the 1999 amendments, filing the notice tolled the statute of limitations for ninety-five days, and generally resulted in an action being timely filed so long as the required notice was given, and the action was filed no later than one year and ninety-five days after it arose. Miss.Code Ann. § 11-46-11 (Supp.1998). See also State of Mississippi v. Dampeer, 744 So.2d 754(¶ 8) (Miss.1999). The amended statute, however, provides:
All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ... one hundred twenty (120) days from the date the ... county ... receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental *1213 entity served with proper claim notice.
2002 Miss. Laws Ch. 380 (S.B. 3052).
¶ 6. In applying this statutory provision, the circuit court reasoned that the cause of action arose on July 31, 1999. The chancery clerk received notice of the claim on March 6, 2000, but Warren County chose not to respond to the claim. Consequently, the 120-day tolling period commenced on March 6, 2000, and ended on July 4, 2000, which was 120 days from the date on which the chancery clerk received the notice. The circuit court then reasoned that following July 4, 2000, Marshall had an additional ninety days in which to file her claim, and that the claim was time-barred after October 2, 2000.
¶ 7. Our supreme court construed the statutory amendment in Roberts v. New Albany Separate School District, 813 So.2d 729 (Miss.2002). The court found that Roberts' cause of action arose on August 8, 1998, and on August 3, 1999, she gave the required notice, which tolled the one-year statute of limitations for a full 120 days, after which she received the full benefit of the additional ninety day period in which to file her suit. Id. at (¶ 7). In the present case, the circuit court's reasoning has the effect of shortening the statute of limitations to less than one year. As the Court found in Roberts, there is nothing to indicate that the Legislature intended to shorten the time frame for filing suit which was provided in the previous version of Mississippi Code Annotated Section 11-46-11 (Supp.2001). See Roberts, 813 So.2d at (¶ 5). Therefore, we find that the circuit court failed to correctly interpret the statutory amendment at issue.
¶ 8. However, the facts presented in Roberts are different from those of the present case. In Roberts, the plaintiff gave notice of her claim some five days before the one-year statute of limitations expired. Id. at (¶ 3). Therefore, the court found that when calculating the time of the tolling provision, she received the benefit of "the full measure of the 120 day period." Id. at (¶ 7). In this case, Marshall filed her notice of claim nearly four months prior to the expiration of the one year statute of limitations. Consequently, the 120-day tolling period expired during the one year time period. Keeping in mind that in amending Mississippi Code Annotated Section 11-46-11 (Supp.1998), the Legislature did not shorten the one year statute of limitations, we hold that the amended statute, 2002 Miss. Laws Chapter 380 (Senate Bill 3052), requires that a plaintiff receive, at a minimum, ninety days to file his action following the running of the one year statute of limitations.
¶ 9. Marshall did not file her action until ninety-four days after the one year statute of limitations had run. The amendment to the statute requires, "[a]fter the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice." 2002 Miss. Laws Ch. 380 (S.B.3052). Giving the statute plain meaning, we must find that Marshall's action is time-barred.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, P.J., BRIDGES, IRVING, MYERS AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J., THOMAS AND LEE, JJ.
SOUTHWICK, P.J., concurring.
¶ 11. I respectfully disagree with the majority. We must interpret a statutory *1214 amendment that both provides a limitation period within which to bring a suit such as the one before us, and also provides a mechanism for giving pre-suit notice to the governmental entity involved. This is a disagreement that previously has divided the court. Burge v. Richton Municipal Separate School Dist., 797 So.2d 1062 (Miss.Ct.App.2001).
¶ 12. Here, as in Burge, the disagreement does not affect the outcome of the case at hand. Under my interpretation, the plaintiff also waited too long to bring suit. The difference can sometimes be significant, however, and I write separately to restate my analysis of this statute.
¶ 13. The difference concerns whether the statute is to be interpreted as providing for a one year statute of limitation, plus a 95 or 120-day maximum tolling period depending on the kind of governmental defendant involved, and a 90 day additional period at the end of the one year plus 95/120 days. The majority here says that the statute of limitations restarts after the tolling has ended and runs its full course, followed by 90 more days to sue. I agree that "tolling" normally means that result, but this statute is not written in that way.
¶ 14. I excerpt the key words that lead me to a different result.
After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However, should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity.
Miss.Code Ann. § 11-46-11 (Supp.2002). It is "after the tolling period has expired" that the 90 days commences, not after the running of the remainder of the one year statute of limitations.
¶ 15. What follows is an abbreviated version of my previous discussion of this issue.
[P]rior to 1999 the statute provided only that the one year statute of limitations was "tolled" for 95 days by the filing of notice. 1993 Miss. Laws ch. 476, § 5. To "toll" a statute of limitations is to "suspend or stop temporarily...." BLACK'S LAW DICTIONARY 1488 (6th ed.1990). Thus the one year period, whether it was interrupted after one day or after eleven months and 29 days, was suspended for 95 days and then resumed at the point that it had earlier been suspended. As a result of the 1999 change, the filing of a notice now no longer just suspended the one year statute of limitations. The one year limitations period is still said to be "tolled," but the statute then provides that the 90 day period within which to file suit begins at the end of the tolling period.
True, when the statute provides that the claimant has "an additional 90 days" to file after the tolling period has run, this creates some minimal ambiguity. "Additional" to what? Is it to the entire tolling period plus the one year or just in addition to the end of the tolling period? What "additional" means is made clear by the next sentence, which provides that if the governmental entity rejects the claim in less time than the tolling period would allow, "then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity." The phrase "additional ninety days" surely means the same in both places.
Therefore, once the 120 days has expired or once the governmental body has *1215 rejected the claim if that is sooner, the claimant has 90 days within which to file suit.
Burge, 797 So.2d at 1067-68 (Southwick, P.J., concurring) (paragraph breaks added).
¶ 16. In my view, the word "toll" does not override the plain language that describes the operation of the statute. The legislature has the authority to defy the dictionary so long as the new meaning is discernible. Richardson v. Canton Farm Equip., 608 So.2d 1240, 1250-51 (Miss.1992)(meaning of word or phrase in statute can be different than common meaning). This statute provides a "one year period within which to file a notice of claim. Once that is filed, a state agency has 95 days and other governmental bodies 120 days to respond to the claim. Then beginning with the end of those time periods or with an earlier denial, the claimant has 90 days to file suit." Burge, 797 So.2d at 1068. The majority holds that once the claim is denied or the tolling period has ended, whichever comes first, a claimant always has the remainder of the one year and then 90 additional days. The language of the statute cannot sustain that reading in the case of a governmental body that denies the claim before the tolling period ends; there, the "additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim;" I can find no justification to interpret the statute differently when no denial is received.
¶ 17. I find that the statute provides that the remainder of the one-year period is discarded. The issue is joined, the need to move forward to litigation is clear. Thus, the more straightforward approach is followed of having to file 90 days after the tolling has ended.
¶ 18. I have examined Supreme Court interpretations of the amended statute. The majority cites one that appearsbut it is not explicitto support the interpretation that I have offered here.
Roberts was injured on August 8, 1998. She gave notice of her claim to the school district within the one-year statutory time period on August 3, 1999, tolling the statute of limitations for 120 days. One hundred twenty-five days later, after the 120-day period allowed for the school district to provide notice of denial of claim but within the subsequent 90-day period available for filing suit, Roberts filed the present action. There is no notice of denial of claim in the record so the full measure of the 120-day period runs in Roberts's favor.
Roberts v. New Albany Sep. School Dist., 813 So.2d 729, 732 (Miss.2002). What is significant is that the Court discussed only two time periods, not three as does the majority here. There are 120 days of tolling, and then a "subsequent 90-day period available for filing suit...." The Court did not mention the five days of the statute of limitations that still would have remained under the majority's view of the operation of the statute.
¶ 19. I note one other matter. The Supreme Court has said that the 1999 amendment "extended the period of time a notice of claim tolled the statute of limitations for actions brought against governmental entities under the Mississippi Tort Claims." Id. at 731. As the Court said, the tolling period is longer, but that does not mean that the overall period to sue is longer. Depending on when the notice is filed during the one year time period to file, the effect may be to reduce the total time from injury to suit. The statute made the tolling period longer, i.e., the time for the government to consider the claim was extended, but the post-tolling *1216 time period to bring suit is always the same length90 days.
¶ 20. It is of no moment to me the procedure that the legislature determined must be followed for such suits. Such is the decision for that branch of government. We are to undertake our best efforts to interpret what has been required. With respect for the efforts of the equally diligent majority to understand this statute, I reach a different conclusion than do they.
McMILLIN, C.J., THOMAS AND LEE, JJ., JOIN THIS SEPARATE WRITTEN OPINION.
NOTES
[1] This statute was amended yet again in 2002. 2002 Miss. Laws Ch. 380 (S.B. 3052). This amendment, however, made no alteration to the notice and tolling provisions at issue in this case, but deals with cases brought concerning people under legal disabilities.