## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 2003-CA-00939-SCT

*STEVEN PAGE*

*v.*

*THE UNIVERSITY OF SOUTHERN MISSISSIPPI; J. YARBROUGH AND S. RAY, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY AS POLICE OFFICERS OF THE UNIVERSITY OF SOUTHERN MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/11/2003 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DANA HELENE EVANS |
| | JESSIE L. EVANS |
| ATTORNEYS FOR APPELLEES: | RICHARD D. NORTON |
| | LEE PARTEE GORE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 07/29/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., CARLSON AND DICKINSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Steven Page filed suit under the Mississippi Tort Claims Act (MTCA) in the Circuit Court of Forrest County against the University of Southern Mississippi and Jay Yarbrough and Sammy Ray, individually and in their official capacities as police officers of the University of Southern Mississippi (collectively "the University"), to recover damages caused when the two officers stopped Page while he was jogging on campus. The circuit court, Circuit Judge Robert B. Helfrich presiding, granted the University's motion to dismiss for failure to state a claim on the grounds that the statute of limitations had

expired and Page's suit was now time barred. From this ruling, Page appeals. Finding that Page filed suit against the University well within the allotted one-year statute of limitations, we reverse the judgment of the Circuit Court of Forrest County and remand this case for further proceedings consistent with this opinion.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.     According to the well-pled factual allegations of this complaint, while jogging through the campus of the University of Southern Mississippi on June 26, 2001, Steven Page, a student at the University, was approached by two University police officers, Jay Yarbrough and Sammy Ray. The officers demanded that Page stop jogging and drop the keys that he was carrying. When Page asked why he was being detained, one of the officers removed a can of mace from his belt. Page then informed the officers that he was going to the University's campus police station and began running in that direction. The officers followed Page in their patrol car. Upon reaching the campus police station, the officers again confronted Page and demanded that he drop his keys. Page complied and raised his hands to show the officers that he was not carrying any weapons. The officers then sprayed Page in the face with mace, forced him to the ground and handcuffed him. Page was not advised of the reason for their actions until he was taken inside the campus police station.

¶3.     On December 28, 2001, Page gave notice of his claim as required by the MTCA, Miss. Code Ann. § 11-46-11(1) (Rev. 2000). The notice was received on January 3, 2002. After failing to receive any response from the University, Page filed his suit on September 16, 2002. The University filed a motion to dismiss the complaint as barred by the statute of limitations. This motion was granted, and a final judgment of dismissal with prejudice was entered by the trial court.

## DISCUSSION

2

¶4.     We apply a de novo standard when reviewing the granting of a Miss. R. Civ. P. 12(b)(6) motion. *Roberts v. New Albany Separate Sch. Dist.*, 813 So. 2d 729, 730 (Miss. 2002); *Arnona v. Smith*, 749 So. 2d 63, 65-66 (Miss. 1999). As such we sit in the same position as the trial court. Statutory interpretation is also reviewed under the de novo standard, as it is a question of law. *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 165 (Miss. 1999).

### *Miss. Code Ann. § 11-46-11 v. Mississippi Case Law*

¶5.     Present case law interpreting Miss. Code Ann. § 11-46-11 is admittedly ambiguous. In affirming previous holdings of this Court and the Court of Appeals, we held in *Williams v. Clay County*, 861 So. 2d 953 (Miss. 2003), that the tolling period was conditional upon how early or how late the claimant served notice upon the agency. Upon reflection, this interpretation is contrary to the literal reading of the statute and the decisions of this Court. *See Roberts v. New Albany Separate Sch. Dist.*, 813 So. 2d 729 (Miss. 2002). *See also Marshall v. Warren County Bd. of Supervisors*, 831 So. 2d 1211 (Miss. Ct. App. 2002). Therefore, our holding in *Williams* is overruled.

### *A. Miss. Code Ann. § 11-46-11*

¶6.     Considering the statute in its entirety and affording deference to its literal meaning, parties are first instructed that all actions "shall be commenced **within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct**. . . ." Miss. Code Ann. § 11-46-11 (emphasis added). A literal interpretation of this section gives a party the right to at least 365 days to file a lawsuit against a state agency, county, municipality or other political subdivision.

¶7.     The statute next states that the filing of notice is required pursuant to subsection (1). Once a party has filed that notice "this section shall serve **to toll the statute of limitations** . . . from the date the notice is received. . . ." *Id*. (emphasis added). If the action is against a state agency, the statute of limitations will be tolled for 95 days; however, if the action is against a county, municipality or other political subdivision, the statute of limitations will be tolled for 120 days  "Toll" is defined as "to suspend or stop temporarily." Black's Law Dictionary 488 (6th ed. 1990). If an action is stopped temporarily, the action which is stopped is allowed to commence again once the tolling period has ended. Therefore, once notice is received, the one-year statute of limitations is tolled for up to 95 or 120 days, depending upon the agency.  After the tolling period has passed, the running of the statute resumes. This Court has previously failed to use the term "tolling" in this way and has incorrectly viewed the 95 or 120 day period as  merely a break in the action when nothing may be filed until the State responds to the notice. We will now look to the next sentence of the statute.

¶8.     "After the tolling period has expired, the claimant shall then have **an additional ninety (90) days to file** any action. . . ." Miss. Code Ann. § 11-46-11 (emphasis added). This 90 days is in addition to the balance of the 365 days not used as of the date when notice was given.

¶9.     If a claim is denied, "then the **additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity**." *Id*. (emphasis added). Once the claim is denied, the tolling period ends immediately, and the additional 90 days is added to the remaining time left in the original one year period not used at the time notice was received. The claimant would not receive the benefit of the full 95 day or 120 day tolling period if the agency denies the claim prior to the expiration of the tolling period.

4

### B. Williams v. Clay County

¶10.    In *Williams*, this Court held that the claimant had **at a minimum one year** to file an action against an agency. This Court reviewed and approved the Court of Appeals' holding in ***Marshall v. Warren County Bd. of Supervisors***, 831 So. 2d 1211 (Miss. Ct. App. 2002), that the Legislature, by its 2002 amendment to § 11-46-11, did not intend to shorten the one-year statute of limitations. *Marshall*, in turn, followed this Court's holding in ***Roberts v. New Albany Separate School District***, 813 So. 2d 729 (Miss. 2002), that a claimant was entitled to at minimum 90 days plus one year to file an action against a governmental entity. However, in *Williams*, this Court stated that the cause of action occurred on November 1, 1999, and notice was given on November 15, 1999:

> The 120-day tolling period expired within the one-year statue of limitations. Williams was then entitled to a minimum of 90 days to file an action after the 120-day tolling period, which also expired before the one-year statute of limitations. When November 1, 2000, passed, so did the time for filing Williams's action.

*Williams*, 861 So. 2d at 960. Therefore, Williams was afforded only one year and not one year plus ninety days as stated in *Roberts*. The *Williams* plurality explained its reasoning in a footnote:

> The tolling provision allows the claimant up to **an additional 120 days** to bring suit **if notice is given within the final 120 days of the one year limitation period.** A claimant has, at a minimum, one year to bring suit. If a claimant files notice 30 days after the injury, and the **government denies** the claim 30 days later, **the claimant still has one year from the date of the injury to bring suit.** If a claimant files notice eleven months and twenty-nine days from the date of the injury, the statute is tolled for 120 days for that notice. After the 120-day period, the claimant has 90 days to bring suit. **Should the government respond within the 120-day period, the claimant has 90 days to bring suit from the date of the response.**

*Id.* at 960 n.5 (emphasis added).

¶11.     According to this footnote, depending on when a claimant files notice, the statute of limitations period will be different. If a claimant files close to the end of the one-year statute of limitations, that claimant receives the benefit of the additional 90 days. If a claimant files notice almost immediately, or such that the 120-day tolling period will expire within the one-year statute of limitations, that claimant does not receive the full benefit of the 90 days because, most likely, the additional 90 days will also expire within the one-year statute of limitations. However, pursuant to Section 11-46-11, a claimant will always have one year plus an additional 90 days to file suit. The filing of the notice and the receipt of that notice by the agency serves to toll the statute for an additional 95 or 120 days unless the claim is denied prior to the expiration of the tolling period.

### C. Application of Miss. Code Ann. § 11-46-11(3)

¶12.     Based on a literal interpretation of the statute, the one-year statute of limitations begins to run on the date the cause of action occurs or accrues. However, we are mindful that, as we have previously stated, the words "occur" and "accrue" are not synonymous. *Flight Line, Inc. v. Tanksley*, 608 So.2d 1149, 1156-57 (Miss. 1992). The statute is tolled for either 95 or 120 days, depending on the agency, from the day notice is received by the agency. Assuming arguendo that there is no response or denial from the agency, the statute will begin running again after the 95 or 120-day period ends. The claimant would then have the balance of the original one year statute not used at the time notice was received to file the suit, as the tolling period merely suspended the running of the statute. In addition to the one-year statute of limitations provided by Section 11-46-11, the claimant has an additional 90 days granted by the statute in which to file suit. If the agency denies the claim, the tolling period ends immediately. The claimant is then left with the remaining days in the original one-year limitations period not used at the time notice was

6

received plus the additional 90 days in which to file suit. The following examples applying the statute to recent cases will provide a much clearer illustration of this application.

### 1. Roberts

¶13.    The actionable conduct occurred on August 8, 1998. 813 So.2d at 730. Notice was sent and received on August 3, 1999, 360 days after the action occurred. The statute of limitations should toll for 120 days from August 3, 1999, because the action was against New Albany Middle School; therefore, the tolling period would have ended on December 1, 1999. After the tolling period ended, the claimant had 5 days left in the original one-year statute (365 days minus 360 days) , or until December 6, 1999, plus the additional 90 days, to file suit. Thus, the action would have had to have been filed by March 5, 2000 (2000 was a leap year). The claimant filed on December 6, 1999, which was clearly within the statutorily allotted amount of time.

### 2. Moore[1]

¶14.    This Court determined that the cause of action accrued on August 31, 1998, when the plaintiffs learned through their expert that they had a cause of action against the hospital. 825 So.2d at 667. Notice was received on June 9, 1999, 282 days after the cause of action occurred or accrued. The statute should toll for 120 days because the action was against Memorial Hospital of Gulfport; therefore, the tolling period would have ended on October 7, 1999. After the tolling period ended, the claimant had 83 days left in the original one-year statute (365 days minus 282 days). Adding the additional 90 days to file suit, the action

---

[1]*Moore ex rel Moore  v. Mem'l Hosp. of Gulfport*, 825 So. 2d 658 (Miss. 2002).

would have had to have been filed by March 28, 2000 (again, 2000 was a leap year). The claimant filed suit on December 16, 1999, which was clearly within the statutorily allotted amount of time.

### 3. Marshall

¶15.    The cause of action accrued on July 31, 1999. 831 So.2d at 1212. Notice was received on March 6, 2000, 219 days after the cause of action accrued, causing the 120-day tolling period (against a county) to end on July 4, 2000. After the tolling period ended, the claimant had 146 days left in the original one-year statute (365 days minus 219 days). Adding the additional 90 days to file suit, the action would have had to have been filed by February 25, 2001. Suit was filed on November 2, 2000, which was clearly within the statutorily allotted amount of time.

### 4. Williams

¶16.    The actionable conduct occurred on November 1, 1999. 861 So.2d at 960. Notice was received on March 16, 2000, 136 days after the cause of action occurred or accrued, causing the 120-day tolling period (against a county) to end on July 14, 2000. After the tolling period ended, the claimant had 229 days left in the original one-year statute (365 days minus 136 days). Adding the additional 90 days to file suit, the action would have had to have been filed by May 29, 2001. Suit was filed on January 31, 2001, which was clearly within the statutorily allotted amount of time.

### 5. Page

¶17.    Here, the actionable conduct occurred on June 26, 2001. Notice was given on December 28, 2001, and received on January 3, 2002, 191 days after the cause of action accrued. Because this claim is against a state agency, the statute was tolled for 95 days, and the tolling period expired on April 8, 2002. After the tolling period ended, the claimant had 174 days left in the original one-year statute (365 days

minus 191 days). Adding the additional 90 days to file suit, the action would have had to have been filed by December 28, 2002. Suit was filed on September 16, 2002, which was clearly within the statutorily allotted amount of time.

### D. Further Examples[2]

#### 1. Early Notice Given

¶18.    If the cause of action occurs on January 1, 2003, and notice is received on February 1, 2003 (31 days later), the 120-day tolling period would end on June 1, 2003.  However, if the claim is denied on March 1, 2003, the tolling period would end immediately. If the claim is denied by the governmental entity on March 1, 2003, the claimant would have 334 days left in the original one-year statute (365 days minus 31 days). Adding the additional 90 days to file suit, the action would have to be filed by April 28, 2004 (2004 is a leap year).

#### 2. Mid Notice Given

¶19.    If the cause of action occurs on January 1, 2003, and notice is received on June 1, 2003 (151 days later), the 120-day tolling period would end on September 28, 2003.  However, if the claim were denied on July 1, 2003, the tolling period would end immediately. The claimant would have 214 days left in the original one-year statute (365 days minus 151 days). Adding the additional 90 days to file suit, the action would have to be filed by April 30, 2004.

---

[2]These examples assume a claim against a municipality, county or other political subdivision so as to trigger the 120-day tolling period.

### 3. Late Notice Given

¶20.    If the cause of action occurs on January 1, 2003, and notice is received on November 1, 2003 (304 days later), the 120-day tolling period would end on February 29, 2004. However, if the claim were denied on December 1, 2003, the tolling period would end immediately. The claimant would have 61 days left in the original one-year statute (365 days minus 304 days). Adding the additional 90 days to file suit, the action would have to be filed by April 30, 2004.

### 4. Claim Denied after the Tolling Period Expires

¶21.    If the cause of action occurs on January 1, 2003, and notice is received on February 1, 2003 (31 days later), the 120-day tolling period would end on June 1, 2003.  If the claim were denied later on October 1, 2003, the remaining 334 days in the original one-year statute, would be calculated from June 1, 2003, the date on which the tolling period ended.  Therefore, the one-year statute would expire on April 30, 2004. Adding the additional 90 days to file suit, the action would have to be filed by July 29, 2004.

### CONCLUSION

¶22.    While we admittedly have not always been consistent in our application of Section 11-46-11(3), we have without exception held firm to our belief that it was not the intention of the Legislature to shorten the one-year statute of limitations. Additionally, we find that it was the intention of the Legislature to toll the statutory period, meaning to suspend temporarily, and to grant claimants 90 days in addition to the one year in which to file their lawsuits. Our prior cases have been inconsistent in the application of the provisions of Miss. Code Ann. § 11-46-11. Applying this statute as it is written, Steven Page timely filed his lawsuit against the University. As already noted above, Page had until December 28, 2002, in which to commence his suit under the MTCA. Filed on September 16, 2002, Page's suit was commenced well within the

10

statutorily allotted time. The circuit court erred in concluding otherwise. Therefore, we reverse the trial court's judgment, and we remand this case for further proceedings consistent with this opinion.

¶23.    From our previous case law it should be clear to the Legislature that Miss. Code Ann. § 11-46-11(3) is less than clear. The section concerning "additional 90 days" could be literally interpreted to shorten the one-year statute of limitations. However, this Court, being of the firm belief that this is not the intention of the Legislature, has interpreted that particular section so as to add additional time to the one-year statute of limitations, and not reduce the one-year statute of limitations. We invite the Legislature to consider clarification of this section so as to be conducive to a consistent application by the trial bench and bar and our appellate courts.

¶24.    **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**