910 So.2d 671 (2005)
Gregory FARMER, Appellant
v.
BOLIVAR COUNTY, Mississippi, Appellee.
No. 2003-CA-01913-COA.
Court of Appeals of Mississippi.
March 8, 2005.
*672 Ellis Turnage, Cleveland, Tamekia Rochelle Goliday, attorneys for appellant.
Benjamin E. Griffith, Daniel Judson Griffith, Cleveland, attorneys for appellee.
Before LEE, P.J., IRVING and GRIFFIS, JJ.
IRVING, J., for the Court.
¶ 1. On January 16, 2002, Gregory Farmer filed a complaint against the City of Rosedale and Bolivar County, alleging that Bolivar County and the City of Rosedale were negligent in maintaining their property and public pathways in a reasonably safe condition, and that as a result of their failure to do so, he, while walking on a public pathway across the southwest corner lawn of the courthouse in Rosedale, stepped into a deep, uncovered hole, injuring his back and left knee. Later, Farmer filed two motions for leave to amend his complaint. Bolivar County filed a motion to dismiss, alleging that the complaint was time barred by Mississippi Code Annotated section 11-46-11(3) (Revised 2002).[1]
¶ 2. Because of the nature of the pleadings, the trial court treated the motion to dismiss as a motion for summary judgment and entered an order granting the motion. The trial court's rationale for granting summary judgment was that Farmer failed to file his lawsuit within the time required by law. The trial court also denied as moot Farmer's first and second motion for leave to amend the complaint.
¶ 3. Farmer now appeals, asserting the following issues: (1) the trial court erred in granting Bolivar County's motion for summary judgment since the only communication between the parties substantially compliant with the notice requirements of the Mississippi Tort Claims Act (MTCA) was filed on August 3, 2001, and the complaint was timely filed prior to the expiration of the statute of limitations, (2) the trial court abused its discretion when it denied Farmer's motions for leave to amend his complaint since the complaint was timely filed.
¶ 4. We agree with Farmer that his complaint was filed timely. Consequently, we reverse and remand this case for trial.

*673 FACTS
¶ 5. On or about August 7, 2000, Gregory Farmer stepped into a hole and injured his left knee and back on the premises of the Bolivar County Courthouse in Rosedale, Mississippi. That same day, Farmer reported the incident to an employee of the Bolivar County Sheriff's Department, and an incident report was completed.
¶ 6. On August 23, 2000, Charles Kautz, senior claims representative for St. Paul Fire and Marine Insurance Company, insurer for Bolivar County, sent a letter to Farmer acknowledging receipt of the incident report and requesting additional information.
¶ 7. On November 14, 2000, Farmer's counsel sent a letter of representation to Kautz requesting that all further correspondence regarding the claim be directed to his office. On November 29, 2000, Kautz wrote a letter to Farmer's counsel acknowledging Farmer's claim. On July 19, 2001, Kautz wrote a letter to Farmer's counsel requesting verification of Farmer's claim for special damages. On August 3, 2001, Farmer's counsel served Wanda Ray, Bolivar County Administrator, on behalf of Bolivar County with a written notice of Farmer's claim.

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 8. Farmer argues that the trial court erred in granting Bolivar County's motion for summary judgment because his complaint was timely filed prior to the expiration of the statute of limitations. It is Farmer's view that the one-year statute of limitations provided by the MTCA was tolled for 120 days beginning on August 3, 2001, the date of the only communication between the parties substantially compliant with the notice requirements of the MTCA. Farmer further asserts that, pursuant to the provisions of MTCA, a claimant has an additional ninety days, following the tolling period, in which to file a claim. Therefore, according to Farmer's calculations, he had until March 3, 2002, to file his lawsuit.
¶ 9. Bolivar County counters that a single notice is not required and that the communications between the parties between August 7, 2000, and November 29, 2000, constituted substantial compliance with the notice provisions of the MTCA and thereby triggered the 120-day tolling period of the one-year statute of limitations. Consequently, according to Bolivar County, the one-year statute of limitations recommence running after November 29, 2000, resulting ultimately in its expiration well before Farmer filed his lawsuit.
¶ 10. The Mississippi Supreme Court in Steven Page v. The University of Southern Mississippi, 878 So.2d 1003 (Miss.2004), compels the finding that Farmer's complaint was timely filed.[2] In Page, the Mississippi Supreme Court stated:
Based on a literal interpretation of the statute, the one year statute of limitations begins to run on the date the cause of action occurs or accrues. . . . The statute is tolled for either 95 or 120 days, depending on the agency, from the day notice is received by the agency. Assuming arguendo that there is no response or denial from the agency, the statute will begin running again after the 95 or 120 day period ends. The claimant would then have the balance of the original one year statute not used at the time notice was received to file the suit, as the tolling period merely suspended *674 the running of the statute. In addition to the one-year statute of limitations provided by Section 11-46-11, the claimant has an additional 90 days granted by the statute in which to file suit. If the agency denies the claim, the tolling period ends immediately. The claimant is then left with the remaining days in the original one-year limitations period not used at the time notice was received plus the additional 90 days in which to file suit.
Id. at (¶ 12).
¶ 11. In applying the holding of Page to the facts in our case, it becomes readily apparent that Farmer's complaint was timely. Farmer filed his complaint on January 16, 2002. Assuming arguendo that Farmer gave notice on August 7, 2000, the statute of limitations was tolled for 120 days or until December 5, 2000. After the tolling period ended, the one-year statute recommenced running. At that time, there would have been 365 days remaining, making the one year expire on December 5, 2001. Adding the additional 90 days, in which a claimant has to file suit to this date would extend the deadline for filing to March 5, 2002. Farmer filed on January 16, 2002. Therefore, we find that Farmer's suit was timely filed within the statutorily allotted time.
¶ 12. As already mentioned earlier in this opinion, the trial court ruled that the claims, which Farmer sought to include via his motions to amend, were "futile" in light of the court's ruling on the motion for summary judgment. Since we are reversing the trial court's grant of summary judgment, the claims which Farmer sought to assert cannot now be considered "futile." However, since the trial court did not rule on the merits of Farmer's motions to amend, we find it inappropriate for us to do so. Nevertheless, suffice it to say that under our rules, amendments should be liberally allowed. We are confident that, on remand, the trial court, in reconsidering the motions to amend, will be guided by our well-developed jurisprudence in this regard.
¶ 13. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] This section provides in pertinent part:

All actions brought under the provisions of this chapter [Mississippi Code Annotated sections 11-46-1 through 11-46-23 (Rev.2002), commonly referred to as the Mississippi Tort Claims Act] shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of . . . one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county or other political subdivision receives the notice of claim, during which time no action may be maintained by the claimant unless the claimant has received a notice of denial of claim. After the tolling period has expired, the claimant shall then have an additional ninety (90) days to file any action against the governmental entity served with proper claim notice. However; should the governmental entity deny any such claim, then the additional ninety (90) days during which the claimant may file an action shall begin to run upon the claimant's receipt of notice of denial of claim from the governmental entity.
[2] It is appropriate to point out that Page was decided after the parties had filed their briefs in this case. Therefore, neither the parties nor the trial court had the benefit of Page when the motion for summary judgment was granted by the trial court.