## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1999-CA-01138-SCT

*MALCOLM R. LOWE, II AND HARRIET LOWE*

*v.*

*LOWNDES COUNTY BUILDING INSPECTION DEPARTMENT*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/07/1999 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | FRANK J. DANTONE, JR. |
| | JOHN MADISON BROOKS, III |
| ATTORNEY FOR APPELLEE: | ARMSTRONG WALTERS |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 3/16/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/6/2000 |

## BEFORE PITTMAN AND BANKS, P.JJ., AND MILLS, J.

## BANKS, PRESIDING JUSTICE, FOR THE COURT:

¶1. This case presents the question whether a county may be held liable in tort for damages for issuing a permit to perform work when it knows that the applicant who proposes to do the work is not duly licensed to perform the work in question. We answer in the affirmative.

### I.

a.

¶2. This appeal arises out of a contract entered into between the appellants, Malcolm and Harriet Lowe (The Lowes), and Donna Kay Lynn (Lynn) pursuant to which Lynn was to perform certain described carpentry, painting, electrical and foundation work on the residence owned by the Lowes located on Highway 69 South in Columbus, Mississippi. Lynn did not possess a valid license from the Mississippi State Board of Contractors as required by Miss. Code Ann. § 73-59-3 (Supp. 1999). A permit was issued by the appellee, the Lowndes County Building Inspection Department (LCBID), upon application by Lynn, to Housing, Inc., an entity unrelated to Lynn.

¶3. The Lowes filed their complaint against LCBID on March 8, 1999, alleging that LCBID was negligent in issuing a building permit to Housing, Inc., on Lynns application, when it knew that she did not posses a valid license as required by Miss. Code Ann. § 73-59-3 (Supp. 1999). Further, the Lowes alleged in their complaint that the LCBID was negligent in failing to notify the Mississippi State Board of Contractors

("MSBC") that Lynn was operating without a license, and further that Housing, Inc., had illegally lent its license to Lynn, both in violation of Miss. Code Ann. § 73-59-17 (1995).

¶4. LCBID filed a motion to dismiss admitting the facts, but alleging, inter alia, that no contractual relationship existed between the parties, and that the Lowes' own negligence was the sole proximate cause of their harm. LCBID filed a subsequent motion to dismiss ten days later, alleging sovereign immunity pursuant to Miss. Code Ann. § 11-46-9 (1)(h) (Supp. 1999). The circuit court heard arguments of counsel and took the matter under advisement. On June 7, 1999, the Court entered its order dismissing the matter with prejudice, finding that pursuant to Miss. Code Ann. § 11-46-9(i)(h) (Supp. 1999), Lowndes County was "completely and totally immune from any liability." The Lowes filed this appeal.

b.

¶5. The Lowes and Lynn entered into a contract which Lynn would perform certain described carpentry, painting, electrical and foundation work on a residence owned by the Lowes located on Highway 69 South in Columbus, Mississippi. Several add ons to the contract were agreed to, and the final price, for performing all the work specified on the contract was $46,380. Lynn represented to the Lowes that she was licensed and bonded. However, Lynn did not posses a valid license from the MSBC as required by Miss. Code Ann. § 73-59-3 (Supp. 1999). On or about December 3, 1997, Housing, Inc., a contractor possessing a license from the MSBC, lent its license to Lynn so that she could make application, for a permit for the construction taking place at the aforementioned residence at Highway 69 South, Columbus, Mississippi. At no time was Housing, Inc., to perform any of the work at the aforementioned residence.

## **II.**

a.

¶6. A motion for dismissal under Miss. R. Civ. P. 12(b)(6) raises an issue of law. *Tucker v. Hinds County*, 558 So.2d 869, 872 (Miss. 1990) (citing *Lester Eng'g Co. v. Richland Water & Sewer Dist.*, 504 So.2d 1185, 1187 (Miss. 1987)). This Court reviews questions of law de novo. *Tucker*, at 872 (citing *UHS-Qualicare, Inc. v. Gulf Coast Community Hosp.*, *Inc.,* 525 So.2d 746, 754 (Miss. 1987)). Under de novo review, this Court will affirm only if it can be shown, beyond doubt, no set of facts would entitle the Lowes to relief. *Robinson v. Stewart*, 655 So. 2d 866, 867 (Miss. 1995) (citing *Tucker*, at 872).

¶7. The allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the Lowes will be unable to prove any set of facts in support of their claim. *Butler v. Board of Supervisors for Hinds County*, 659 So.2d 578, 581 (Miss. 1995) (citing *Overstreet v. Merlos*, 570 So.2d 1196, 1197 (Miss. 1990)).

b.

¶8. This case turns upon the application and interpretation of the terms "arbitrary and capricious" in Miss. Code Ann. § 11-46-9 (1)(h) (Supp. 1999), which states in pertinent part:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

(h) Arising out of the issuance, denial, suspension, or revocation of, or the failure or refusal to issue, deny, suspend or revoke any privilege, ticket, pass, permit, license, certificate, approval, order or similar authorization where the governmental entity or its employees is authorized by law to determine whether or not such authorization should be issued, denied, suspended, or revoked *unless such issuance, denial, suspension or revocation, or failure or refusal thereof, is of a malicious or arbitrary and capricious nature*.

(emphasis supplied).

¶9. Specifically, the question is, whether the failure of LCBID to abide by Miss. Code Ann. § 73-53-17 (Supp. 1995), was arbitrary and capricious in nature, and therefore not protected by the qualified sovereign immunity granted by Miss. Code Ann. § 11-46-9(1)(h) (Supp. 1999).

¶10. Black's Law Dictionary defines "arbitrary and capricious" as "[c]haracterization of a decision or action taken by an administrative agency or inferior court meaning willful and unreasonable action *without consideration or in disregard of facts or law* or without determining principle." Black's Law Dictionary 105 (6th ed. 1990) (emphasis added).

¶11. We have yet to define the terms "arbitrary and capricious" in the context of Miss. Code Ann. § 11-46-9(1)(h) (Supp. 1999). However, we have discussed the terms "arbitrary and capricious" in review of a decision made by an administrative agency on appeal. *State Tax Comm'n v. Earnest,* 627 So.2d 313, 319-20 (Miss. 1993). We have stated that arbitrary and capricious is "open-textured and not susceptible of precise definition or mechanical application." *Mississippi State Dep't. of Health v. Southwest Miss. Med. Ctr.,* 580 So.2d 1238, 1239 (Miss. 1991). We found North Carolina's definition of the terms helpful:

> An act is arbitrary when it is done without adequately determining principle, not done according to reason or judgment, but depending upon the will alone, -- absolute in power, tyrannical, despotic, non-rational,-- implying either a lack of understanding of or a disregard for the fundamental nature of things . . . An act is capricious when it is done without reason, in a whimsical manner, implying either a lack of understanding of or disregard for the surrounding facts and settle controlling principles.

*Id.* at 1240 (quoting *In re Housing Authority of City of Salisbury*, 70 S.E.2d 500, 503 (N.C. 1952)); *see also Melody Manor Convalescent Ctr. v. Mississippi State Dep't of Health*, 546 So.2d 972, 974 (Miss. 1989); *Mississippi State Tax Commission v. Dyer Inv. Co.*, 507 So.2d 1287, 1289 (Miss. 1987); *State Bd. of Psychological Examiners v. Coxe*, 355 So.2d 669, 671 (Miss. 1978).

¶12. In *Mississippi Dep't of Envtl. Quality v. Weems*, 653 So.2d 266 (Miss. 1995), this Court determined that the Mississippi Commission on Environmental Quality acted arbitrarily and capriciously by failing to follow clear statutory directives, stating:

> [T]he Commission's actions, as stated in its ruling, indicate an arbitrary and capricious reaction. An administrative act is arbitrary and capricious if the agency 'entirely failed to consider an important aspect of the problem, or offered an explanation for its decision that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of any agency expertise." 2 Am Jur 2d §530 at 519 (1994). In addition, the failure of an agency to abide by its rules is per se arbitrary and capricious as is the failure of an administrative body to conform to prior procedure without adequate explanation for the change. *Id.*

653 So. 2d at 281.

¶13. The Lowes argue that this Court recently specifically ruled that immunity will not attach where a governmental entity fails to abide by a statutory mandate, stating: "[u]nder this statute, as long as ordinary care is used while performing statutory duty, immunity exists. But when the state actor fails to use ordinary care in executing and performing or *failing to execute or perform an act mandated by statute* there is no shield of immunity." *L.W. v. McComb Separate Mun. Sch. Dist.*, No. 97-CA-01465-SCT, 1999 WL 682076, at *6 (Miss. Sept. 2, 1999) (emphasis added).

¶14. LCBID does not dispute the allegations in the complaint. LCBID argues that the Lowes are dissatisfied with work performed by subcontractor Lynn and seek to expand Miss. Code Ann.§ 73-59-17 (1995), from a statutory mandate only to issue building permits to licensed contractors to include LCBID as a guarantor of the work of subcontractors hired by licensed contractors to whom the building permit was rightfully issued. LCBID asserts that the Lowes' proper remedy lies against the licensed contractor.

¶15. Paragraph VI of plaintiffs' complaint reads as follows:

> The Lowndes County Building Inspection Department, knowing that Lynn was the contractor performing the work and knowing that Lynn was not properly licenced pursuant to Miss. Code Ann. § 73-59-3 allowed Lynn to sign the building permit application as agent for Housing, Inc. The permit was issued by the department despite knowledge by the department at all relevant times hereto that Housing, Inc. had no contract with Plaintiff and was not performing any contract work for Plaintiff. At no times relevant hereto did the department notify Plaintiffs or the Mississippi State Board of Contractors that Lynn did not posses a valid license all in violation of Miss. Code Ann. § 73-59-17.

We assume these facts to be true at this stage. Whether they are and, if so, whether the acts of the county were a proximate cause of injury to the plaintiff are issues yet to be resolved. We decide only that, accepting the allegations as true, the county has engaged in arbitrary and capricious conduct violative of a statutory mandate.

¶16. Miss. Code Ann. § 73-59-17 provides:

> [LCBID] shall refuse to issue a permit for any undertaking which would classify the applicant as a residential builder or remodeler under this chapter unless the applicant has furnished evidence that he is either licensed . . . or exempt . . . . [LCBID] shall also report to [MSBC] the name and address of any person who . . . has violated this chapter by accepting, or contracting to accomplish, work which would classify the person as a residential builder or remodeler . . . without a license or acknowledgment.

Miss. Code Ann. § 73-59-17 (1995).

¶17. As we stated earlier we must take the Lowes' complaint as true. It is clear that if LCBID knew, as alleged, that Lynn was not licensed and that Lynn had contracted to performed the work, LCBID would be in violation of Miss. Code Ann. § 73-59-17 (1995).

## CONCLUSION

¶18. For the foregoing reasons the judgment of the circuit court is reversed, and this case is remanded to

that court for further proceedings consistent with this opinion.

¶19. **REVERSED AND REMANDED.**

**PITTMAN, P.J., McRAE, SMITH, MILLS, WALLER AND COBB, JJ.,
CONCUR. PRATHER, C.J., NOT PARTICIPATING.**