# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00005-SCT

*DONNA WEBB AND ROBERT CHAMBERS,*
*INDIVIDUALLY AS PARENTS AND ON BEHALF OF*
*THE WRONGFUL DEATH BENEFICIARIES OF*
*MICHAEL S. CHAMBERS*

*v.*

*DESOTO COUNTY, MISSISSIPPI, DESOTO COUNTY*
*BOARD OF SUPERVISORS, JAMES A. RILEY,*
*DESOTO COUNTY SHERIFF, AND JOHN DOE AND*
*JANE DOE, DESOTO COUNTY DEPUTY JAILERS,*
*IN THEIR OFFICIAL CAPACITIES*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/6/2001 |
| TRIAL JUDGE: | HON. GEORGE B. READY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | GWENDOLYN BAPTIST HEWLETT |
| | A. C. WHARTON, JR. |
| ATTORNEYS FOR APPELLEES: | SIDNEY RAY HILL, III |
| | JOHN S. HILL |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED - 04/17/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PITTMAN, C.J., WALLER AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from an order entered by the Circuit Court of DeSoto County, Mississippi, on

December 6, 2001.  The instant complaint was filed on January 26, 2001, by Donna Webb and Robert

Chambers,  individually as parents and on behalf of the wrongful death beneficiaries of Michael S.

Chambers, who committed suicide on January 29, 2000, while incarcerated at the DeSoto County Detention Center. DeSoto County, Mississippi, the DeSoto County Board of Supervisors, James A. Riley, DeSoto County Sheriff, and John and Jane Does (collectively "Desoto County") are sued only in their official capacities. The defendants filed an answer and defenses denying all allegations in the complaint on May 23, 2001. The defendants subsequently filed a motion to dismiss on October 2, 2001. Following a hearing on November 28, 2001, the circuit court entered an order dismissing the complaint. The order was filed with the court on December 11, 2001. Webb and Chambers raise the following issues on appeal:

I.      WHETHER THE COURT ERRED IN GRANTING DEFENDANTS MOTION TO DISMISS PURSUANT TO MISSISSIPPI RULES OF CIVIL PROCEDURE 12(B)(6).

II.     WHETHER MISS. CODE ANN. § 11-46-9(1)(M) HAS A CONTROLLING EFFECT IN THIS CASE.

III.    WHETHER A WRONGFUL DEATH CLAIM BY BENEFICIARIES AND HEIRS IS AN INDEPENDENT CAUSE OF ACTION.

IV.     WHETHER MISS. CODE ANN. § 11-46-5 IS APPLICABLE TO THE FACTS OF THIS CASE.


## FACTS

¶2.     Michael S. Chambers was brought to the DeSoto County Detention Center on January 26, 2000, after being arrested for disturbing the peace and domestic violence. On January 29, 2000, DeSoto County Detention Center employees found Chambers dead, hanging in his cell with a bed sheet tied around his neck. It is undisputed that the cause of Chambers's death was suicide. A subsequent investigation by the DeSoto County Detention Center and Mississippi Highway Safety Patrol found that Chambers had not evidenced any suicidal tendencies and gave no indication of his potentially dangerous emotional state.

## DISCUSSION

2

¶3.     Webb and Chambers contend that the circuit court erred in granting DeSoto County's motion to dismiss pursuant to Miss. R. Civ. 12(b)(6) holding that Webb and Chambers failed to present any set of facts that would justify relief. Webb and Chambers argue that Miss. Code Ann. § 11-46-9 (1)(m) is not applicable to the case at bar because the law on the rights of beneficiaries to bring a claim for wrongful death of their decedent is not entrenched in common law, statutory law or case law. Webb and Chambers allege a wrongful death claim by beneficiaries and heirs is an independent cause of action and the provisions of Miss. Code Ann. § 11-46-5 are applicable to the facts of this case. Additionally, Webb and Chambers assert that § 11-46-5 supercedes the immunity set forth in Miss. Code Ann. § 11-46-9(1)(m). ¶4.

Since the four issues are interrelated they will be discussed simultaneously. Webb and Chambers brought suit against DeSoto County asserting that their negligence was the proximate cause of Chambers's death. Webb and Chambers's claim, however, is barred by the Miss. Code Ann. § 11-46-9(1)(m), which states in pertinent part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> * * * *
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

The circuit court found that this section provides DeSoto County immunity because at the time the claim arose, i.e. Chambers's death, he was incarcerated at the DeSoto County Detention Center. The record is devoid of any allegation that the DeSoto County Detention Center's employees were acting outside the scope of their employment.

3

¶5.     In *Liggans v. Coahoma County Sheriff's Dep't*, 823 So.2d 1152, 1153 (Miss. 2002), this Court addressed § 11-46-9(1)(m) in the context of a suit brought by an inmate who was injured while incarcerated at the county jail when she fell from a top bunk bed and injured her jaw, seeking $500,000 in damages plus medical expenses. This Court affirmed the trial court's dismissal of the action relying on the clear legislative intent of the Mississippi Tort Claims Act.

¶6.     A M.R.C.P. 12(b)(6) motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim. In reviewing the grant of a motion to dismiss for failure to state a claim, the appellate court conducts a de novo review. *Lowe v. Lowndes County Building Inspection Dep't*, 760 So.2d 711, 712 (Miss. 2000). We find that Miss. Code Ann. § 11-46-9(1)(m) clearly bars the instant suit.

¶7.     Webb and Chambers attempt to circumvent Miss. Code Ann. § 11-46-9(1)(m) by alleging that an action for wrongful death is an independent cause of action; therefore, placing them in a position different from the decedent. However, this Court has found that a wrongful death suit is a derivative action by the beneficiaries, and those beneficiaries, therefore, stand in the position of their decedent. See *Wickline v. U.S. Fid. & Guar. Co.*, 530 So.2d 708, 715 (Miss. 1998).

¶8.     Webb and Chambers stand in the position of Michael Chambers. Therefore, Webb and Chambers are only entitled to the remedy afforded to Michael Chambers if he had survived. Since § 11-46-9(1)(m) provides him with no remedy, so it also prevents a suit by his heirs. Webb and Chambers are unable to bring a wrongful death suit on behalf of a prisoner who dies while incarcerated. For the aforementioned reasons, we find no reversible error.

¶9.     Webb and Chambers argue that the waiver of immunity contained in § 11-46-5 supercedes the specific types of immunity set forth in § 11-46-9. Miss. Code Ann. § 11-46-5 provides in pertinent part:

4

(1) Notwithstanding the immunity granted in § 11-46-3, or the provisions of any other law to the contrary, the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment is hereby waived from and after July 1, 1993, as to the state, and from and after October 1, 1993, as to political subdivisons; provided, however, immunity of a governmental entity is any such case shall be waived only to the extent of the maximum amount of liability provided for in § 11-46-15.

¶10. This contention by Webb and Chambers is not supported by any applicable case law. Failure to cite legal authority in support of an issue is a procedural bar on appeal. *McClain v. State*, 625 So.2d 774, 781 (Miss. 1993).

## CONCLUSION

¶11. Under Mississippi statutory and case law, wrongful death beneficiaries of a prisoner who dies while incarcerated are prohibited from bringing a negligence suit against a governmental entity where the employees were acting within the course and scope of their employment. Therefore, the trial court correctly granted DeSoto County's motion to dismiss. This Court affirms the trial court's judgment.

¶12. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ, EASLEY AND CARLSON, CONCUR. McRAE DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**