# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00586-SCT

*RALPH WALKER, INC.*

*v.*

*MICHAEL E. GALLAGHER*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/01/2005 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT R. STEPHENSON |
| ATTORNEYS FOR APPELLEE: | WENDY SCHENIQUE WILSON |
| | WILLIE T. ABSTON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 04/20/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND DICKINSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1. This interlocutory appeal arises from a vehicular accident and comes before us after the trial judge denied a motion to dismiss filed by one of the defendants whose name was added to the action in the amended complaint. The parties present the question of whether the amended complaint, which was filed almost five years after the collision, would be time-barred by the three-year statute of limitations, when the original complaint was timely filed within the applicable three-year period. At issue is the relation-back doctrine under Rules 9(h) and 15(c) of the Mississippi Rules of Civil Procedure. Finding the trial court erred in

denying the added defendant's motion to dismiss we reverse and render judgment in favor of this added defendant.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.    While driving in Jackson on May 18, 1999, Michael Gallagher was struck by an eighteen-wheeler tractor and trailer rig driven by Dwayne Anders, an employee of Randy Hunt Trucking, Inc., which was a corporation owned and operated by Randy Hunt. Anders allegedly ran a red light. Gallagher commenced suit in the Circuit Court for the First Judicial District of Hinds County on March 21, 2002, two years and ten months after the collision, but within the three-year statute of limitations.[1]  In his original complaint, which contained allegations of negligence, Gallagher named as defendants Dwayne Anders, Randy Hunt, and Randy Hunt Trucking, Inc. During discovery, Gallagher became aware of the existence of Ralph Walker, Inc., which owned the trailer that Anders was pulling at the time of the accident. At that time, Anders was primarily hauling loads under Walker's direction. Also, an oral agreement existed that Walker was to handle dispatching for the tractor truck operated by Anders and owned by Hunt Trucking, Inc., which received payment for those miles dispatched by Walker. Gallagher also learned through discovery that Anders was driving a load to Walker's place of business at the time of the accident. On March 15, 2004, Gallagher filed a motion requesting the trial court's permission to file his first amended complaint, which would include Walker in the lawsuit. Circuit Judge Tomie T. Green

---

[1]Anders, Hunt, and Randy Hunt Trucking, Inc. are not parties to this appeal.

2

granted Gallagher's motion to amend the complaint, and on April 9, 2004, almost five years after the collision, Gallagher filed his first amended complaint, adding Ralph Walker, Inc. as a defendant. Walker later filed a motion to dismiss pursuant to the provisions of Miss. R. Civ. P. 12(b)(6), claiming that because the first amended complaint had been filed outside the three-year period prescribed by the applicable statute of limitations, it was time barred and should be dismissed. Gallagher responded by arguing that the amended complaint related back to the original complaint, thus tolling the statute of limitations, and that justice required that Gallagher be permitted to add Walker, because Gallagher did not know of Walker's existence until late in the discovery process. Walker replied to that response by arguing that the relation-back doctrine under Rules 9 and 15 of the Mississippi Rules of Civil Procedure did not apply in this case. The trial judge denied Walker's motion to dismiss without a written opinion or memorandum. The trial judge later dismissed, with prejudice, the claims against the other three defendants, noting they consented to the judgment due to the amicable settlements of their claims. After the trial court denied Walker's motion to dismiss, Walker filed a motion for certification for interlocutory appeal, which the trial judge also denied. We granted this interlocutory appeal to resolve the issue of whether the claim against Walker was time-barred, because the amended complaint naming Walker was filed outside the three-year period prescribed by the applicable statute of limitations, namely Miss. Code Ann. § 15-1-49 (Rev. 2003).

3

## DISCUSSION

### WHETHER AN AMENDED COMPLAINT FILED OUTSIDE THE THREE-YEAR STATUTE OF LIMITATIONS RELATES BACK TO THE ORIGINAL, TIMELY COMPLAINT WHEN NO PROOF OF NOTICE HAS BEEN SHOWN.

¶3. Although disputed in the briefs, there is no question that our standard of review in this case is de novo. An appellate court is to review de novo the grant, or denial, of a motion to dismiss for failure to state a claim. *Webb v. DeSoto County*, 843 So. 2d 682, 684 (Miss. 2003). Gallagher acknowledges this, but in doing so cites to a case where, after we stated the standard of review, we also said that the trial court has the discretion in deciding to grant or deny a motion to dismiss and that we will not reverse the trial court unless that discretion is abused. *Nguyen v. Mississippi Valley Gas Co.*, 859 So. 2d 971, 976-77 (Miss. 2002). In making that observation, this Court relied on cases not entirely on point regarding motions to dismiss under Miss. R. Civ. P. 12(b)(6). Therefore, this citation by Gallagher is, at the very least, confusing.

¶4. First, we have explicitly stated that, in reviewing Rule 12(b)(6) motions to dismiss, we are actually not required to defer to the trial court's judgment or ruling. *Roberts v. New Albany Separate School Dist.*, 813 So. 2d 729, 730-31 (Miss. 2002). Instead, we sit in the same position the trial court did. *Id.* Additionally, it is clear that our standard here is de novo, and not abuse of discretion. *See, e.g., Vicksburg Partners, L.P. v. Stephens*, 911 So.2d 507, 513 (Miss. 2005); *Roberts*, 813 So. 2d at 730-31; *Arnona v. Smith*, 749 So. 2d 63, 65-66 (Miss. 1999). A motion for dismissal under Miss. R. Civ. P. 12(b)(6) raises an

4

issue of law, and we unquestionably review questions of law under a de novo standard of review. ***Lowe v. Lowndes County Bldg. Inspection Dept.***, 760 So. 2d 711, 712 (Miss. 2000). *See also* ***Donald v. Amoco Prod. Co.***, 735 So.2d 161, 165 (Miss. 1999); ***Tucker v. Hinds County***, 558 So. 2d 869, 872 (Miss. 1990). We have said, "[n]otwithstanding our respect for and deference to the trial judge, on matters of law it is our job to get it right. That the trial judge may have come close is not good enough." ***UHS-Qualicare, Inc. v. Gulf Coast Community Hosp., Inc.***, 525 So. 2d 746, 754 (Miss. 1987). Under a de novo standard of review, we will affirm only if the moving party can show beyond doubt that the plaintiff failed "to state a claim upon which relief can be granted." Miss. R. Civ. P. 12(b)(6). In order for us to affirm a grant, or reverse a denial, of a Rule 12(b)(6) motion to dismiss, it must be such that no set of facts would entitle the opposing party to relief. ***Lowe***, 760 So. 2d at 712.

¶5.    This case centers around the relation back of amendments to pleadings under Miss. R. Civ. P. 15(c). Rule 15(a) allows a party to amend a pleading subject to certain timeliness requirements, or otherwise, "by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires." Miss. R. Civ. P. 15(a). An amended pleading which is changing the party against whom a claim is asserted relates back to the date of the original pleading under section (c) when certain requirements are met. Miss. R. Civ. P. 15(c). Here the pleading being amended is the complaint, and the party against whom the claim is asserted is Walker, the newly-named defendant.

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in

5

the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:

> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and
> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

Miss. R. Civ. P. 15(c).

¶6.     Walker makes several arguments based on an incorrect interpretation of the rule's language. Walker first argues that because no party was actually changed here, and instead Walker's name was added later, the rule does not apply. Rule 15 applies here as it clearly contemplates a "new party to be added by the amendment," as one can easily see in the comment to the rule. *Id.* (comment). Walker also argues that Rule 15(c) has three requirements: (1) the amendment must arise from a mistake of a party's identity; (2) the defendant must have had notice within 120 days of the expiration of the statute of limitations; and, (3) the plaintiff must have exercised reasonable diligence to discover the new party's identity. Walker applies an erroneous reading of the rule. As it applies to this case, Rule 15(c) states that for an amended complaint to relate back to the date of the original complaint when the amended complaint does not change a named defendant, there is only one

6

requirement: the claim in the amended complaint must arise out of the same conduct, transaction, or occurrence as that set forth in the original complaint. *Id.* However, when the amended complaint does change a named defendant, as here, there are two additional requirements: notice and knowledge by the defendant who would be named. *Id.* These two additional requirements must be met within the Rule 4(h) time period, or 120 days of the original complaint. *Brown v. Winn-Dixie Montgomery, Inc.*, 669 So. 2d 92, 94 (Miss. 1996) (citing *Schiavone v. Fortune*, 477 U.S. 21, 29, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)). Thus, it is not that one of the requirements of Rule 15(c) is that the amendment change a party; instead, it is that only those amended pleadings which do change a party are the pleadings which have three requirements. To pinpoint the rule as it applies to this case, the three requirements of a complaint that changes a named defendant are: (1) the claim in the amended complaint must arise out of the same conduct, transaction, or occurrence as that set forth in the original complaint; (2) the newly-named defendant must have received notice of the action within the 120 days; and, (3) the newly-named defendant must have or should have known that an action would be brought against him within the 120 days unless a mistake existed as to the parties' identities.

¶7. The first "same conduct, transaction, or occurrence" requirement is clearly met in this case, as both complaints refer to the May 18, 1999, collision. This is not disputed. We must therefore determine if the other two requirements are met: (1) whether Walker received notice of the action; and, (2) whether Walker knew, or should have known, that an action

7

would be brought against him. These tests together essentially ask "whether the new party to be added by the amendment (if any) is served before expiration of the period provided by Rule 4(h) for service of a summons and complaint." Miss. R. Civ. P. 15(c) (comment). This time period is 120 days after the filing of the complaint. The questions under Rule 15(c)(1) and (2) are then whether Walker received notice of the lawsuit within 120 days after the filing of the original complaint and whether Walker knew or should have known he would be named in the suit within 120 days after the filing of the original complaint. ***Winn-Dixie Montgomery***, 669 So. 2d at 94. *See also **Curry v. Turner***, 832 So. 2d 508, 513 (Miss. 2002) (considering a case where the motion to amend was filed before the statutory period of limitations had run, but where the court did not grant the motion until after the expiration of the statutory period). If the answer to both is in the affirmative, the amended complaint will relate back to the date of the original complaint, and the suit will not be time-barred by the statute of limitations. Both parties agree that the applicable statute of limitations is three years. Miss. Code Ann. § 15-1-49 (Rev. 2003); ***Schiro v. American Tobacco Co.***, 611 So. 2d 962, 965 (Miss. 1992). However, we arrive at a different result if either question under Rule 15(c)(1) and (2) is answered in the negative, because then, the amended complaint does not relate back, resulting in the suit being time-barred.

¶8.     Clearly Walker did not receive notice of the institution of the action within 120 days after the filing of the complaint. The original complaint was filed on March 21, 2002, and during the next 120 days after the filing of the original complaint, only two events occurred.

8

On April 18, 2002, the original three defendants were served with a copy of the complaint and summons and the plaintiff's first discovery requests. On May 6, 2002, those defendants filed their answers to the complaint and their discovery requests. The defendants' responses to discovery were not filed until almost two years later, on February 12, 2004. In considering the provisions of Miss. R. Civ. P. 15(c)(1), the question becomes whether Walker, within 120 days after the filing of the complaint, had received sufficient notice so that he would not be prejudiced in maintaining his defense on the merits. Walker received no formal notice within this time period. The complaint was filed on March 21, 2002, and Walker was not even named as a defendant until April 2004. Gallagher offers no proof or evidence outside of speculative theories that Walker had notice sufficient to meet the requirements of Rule 15(c)(1). Gallagher first asserts that Walker presented no evidence showing the lack of notice, whether at the hearings on the motion to dismiss or in its pleadings. Gallagher is essentially arguing that the lack of evidence from Walker showing an absence of notice must actually prove the existence of notice to Walker. This is nonsensical. No proof has been presented of any notice to Walker whatsoever within the 120 days after the original complaint was filed, and we cannot assume Walker had notice sufficient to satisfy the rule based solely on speculation.

¶9. The test in Miss. R. Civ. P. 15(c)(2) is also failed here. This part of the rule essentially asks whether, because of the existence of a mistake as to the parties' identities on the part of the movant or complainant, the newly-named defendant did not know that an

9

action would be brought against him within the 120 days. ***Curry***, 832 So. 2d at 513. The purpose of this rule is to allow some leeway to a party who made a mistake, so long as the party does what is required within the time period under the rule. In this part of his argument, Gallagher puts forward several theories that Walker must in some way have been given knowledge of the suit within the 120 days. First, Gallagher argues that damage must have resulted to Walker's trailer from the collision and that this should have made Walker aware of pending litigation. Second, Gallagher points out that, because Anders was driving to Walker's business, the delay in delivery which must have resulted should have given Walker knowledge of the lawsuit. Third, Gallagher asks whether any insurance claims had been made by Walker for the damage to his trailer. Fourth, Gallagher points to the business relationship between Walker and the other three defendants. Gallagher asserts that a reasonable person should "assume litigation will follow an accident" between an 18-wheeler and a car. None of these theories convince us that Walker knew, or should have known, within 120 days of the complaint, a lawsuit existed. Gallagher makes many great leaps in his reasoning, relying almost entirely on assumptions. The litigation here did not begin until almost three years after the accident, and the existence of damage to Walker's trailer is simply insufficient to prove Walker's knowledge of litigation. A delay in delivery and the existence of a business relationship also do not automatically rise to the level of putting Walker on notice of the existence of a lawsuit, particularly when Walker was not brought into the proceedings until almost two years after the complaint was filed.

10

¶10.    Rule 15(c) makes one exception for pleadings amended under Rule 9(h). Those are pleadings by a party who "is ignorant of the name of an opposing party and so alleges in his pleading." Miss. R. Civ. P. 9(h). Rule 9(h) states that in those cases, "the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party." *Id.* Rule 9(h) pleadings are not considered amendments changing a party against whom a claim is asserted and are allowed under Rule 15(c) to relate back to the date of the original pleading. Miss. R. Civ. P. 15(c). In any case, in order for Rule 9(h) to apply, there must be a substitution of a true party name for a fictitious one, which is not the case today. Both Gallagher and Walker also delve into discussions of when reasonable diligence is required to determine an opposing party's identity, relying on *Nguyen*. These discussions are not applicable today as reasonable diligence is a standard only for determining the efforts made to discover the true identity of a named fictitious party under Rule 9(h). *Nguyen*, 859 So. 2d at 978-79. "The relation back privilege provided for fictitious parties under Rule 15(c)(2) requires the plaintiff to actually exercise a reasonably diligent inquiry into the identity of the fictitious party." *Doe v. Miss. Blood Serv., Inc.*, 704 So.2d 1016, 1019 (Miss. 1997). "The purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but unidentified, who can only be ascertained through the use of judicial mechanisms such as discovery. It is not designed to allow tardy plaintiffs to sleep on their rights for seven years, make only one telephone call

11

prior to the running of the statute, and then enjoy the benefits of the rule." ***Id.*** As Gallagher did not have knowledge of Walker, or name any fictitious party to determine Walker's identity, this discussion is not on point or dispositive in this case. Further, even if this discussion were helpful to us in the disposition of today's case, Gallagher's lack of any attempt to get answers to the discovery before almost two years had passed would be indicative of Gallagher's lack of any reasonable diligence to correct a mistaken identity or uncover the true identity of an earlier-unknown party.

¶11. In trying to convince this Court of the correctness of the trial court's ruling, Gallagher argues that the trial judge should be given deference in having granted leave to file the amended complaint under Miss. R. Civ. P. 15(a). Our only question today is whether the amended complaint relates back to the original complaint, not whether leave should have been granted to amend the complaint. Because we are required to conduct a de novo review of today's case, we need not defer to the trial court's ruling. The rules allowing an amended complaint to relate back to the date of an original complaint are clear, and the facts of today's case unquestionably fail to meet their requirements.

¶12. For the reasons stated, we are constrained as a matter of well-established law to find that the trial court erred in denying Walker's motion to dismiss.

### CONCLUSION

¶13. The facts of this case do not meet the requirements of the rules allowing an amended complaint to relate back to the original complaint. Walker did not have notice or knowledge

12

of the lawsuit within 120 days of the original complaint. Because of this, and for all of the foregoing reasons, we reverse the judgment of the Circuit Court for the First Judicial District of Hinds County, and render judgment here in favor of Ralph Walker, Inc.

¶14.   **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., AND DICKINSON, J., CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**