*910
 
 SUMMARY OF THE CASE
 

 ROBERTS, J., for the Court.
 

 ¶ 1. This appeal is the result of an automobile collision. The car that Jeremy Davis was driving rear-ended Kathy Campbell’s car, and Campbell sued Jeremy’s grandmother, Dorothy Davis, in her capacity as Jeremy’s guardian. Jeremy was driving Dorothy’s car when he hit Campbell. Dorothy successfully moved for summary judgment because Campbell did not raise any allegations specifically against Dorothy, and Dorothy was not Jeremy’s guardian. However, the Chickasaw County Circuit Court allowed Campbell to file an amended complaint joining Jeremy as a defendant. Campbell did not file her amended complaint until after the statute of limitations had expired, so Jeremy moved to dismiss Campbell’s suit. The circuit court found that Campbell’s amended complaint did not relate back to Campbell’s original complaint due to a lack of mistake in the parties. Aggrieved, Campbell appeals. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On July 13, 2000, Jeremy borrowed a car that belonged to his grandmother, Dorothy. According to an accident report, Jeremy rear-ended Campbell’s car. Jeremy was seventeen years old at the time, but his eighteenth birthday was the very next day.
 

 ¶ 3. On May 30, 2001, Campbell filed a complaint in the Chickasaw County Circuit Court. Campbell claimed that Jeremy was negligent when he struck her car. Campbell sued Dorothy in Dorothy’s capacity as Jeremy’s guardian. Campbell did not claim that Dorothy was negligent or that she negligently entrusted Jeremy with her car. Dorothy responded and denied that she was Jeremy’s guardian.
 

 ¶ 4. Approximately twenty months later, Dorothy filed a motion for summary judgment. Dorothy admitted that she allowed both Jeremy and his mother, Myra Jabri, to live with her in her house at the time of the collision. However, Dorothy added that she was not Jeremy’s guardian at that time. Finally, Dorothy stated that Campbell “alleged no claims against [her] ... other than alleging incorrectly that she was” Jeremy’s guardian.
 

 ¶ 5. On March 7, 2003, Judge Henry Lackey heard Dorothy’s motion for summary judgment. At the conclusion of that hearing, Judge Lackey granted Dorothy’s motion, held that Dorothy should be dismissed, and further held that Campbell should be allowed to join Jeremy as a necessary party to the lawsuit. Judge Lackey announced that Campbell had thirty days to file an amended complaint in which she could name Jeremy as a defendant. Finally, Judge Lackey also stated that Campbell was obligated to serve Jeremy with process.
 

 ¶ 6. Campbell did not file an amended complaint within thirty days from the date of the hearing on Dorothy’s motion for summary judgment. Approximately forty-five days after the hearing, Campbell’s attorney forwarded a draft order to Dorothy’s attorney. That draft order addressed Judge Lackey’s decision to allow Campbell to amend her complaint, but it did not address Judge Lackey’s decision to dismiss Dorothy as a defendant.
 

 ¶ 7. Dorothy’s attorney sent Campbell’s attorney a draft of a final judgment of dismissal and a draft order allowing Campbell to amend her complaint. According to Dorothy’s attorney, she did not get a response from Campbell’s attorney, so she sent Campbell’s attorney a letter on June 27, 2003, and asked that Campbell’s attorney contact her.
 

 
 *911
 
 ¶ 8. Campbell’s attorney apparently left telephone messages for Dorothy’s attorney during the week of July 7, 2008. Dorothy’s attorney did not return those calls before July 14, 2008. On that date, the circuit court judge signed Campbell’s original draft order, although neither Jeremy’s attorney nor Campbell’s attorney signed the order before the circuit court judge executed it.
 
 [1]
 
 That order was filed on July 16, 2003.
 

 ¶ 9. On August 8, 2003, Campbell filed her amended complaint. Campbell named Jeremy as a defendant. Jeremy filed his answer less than a month later. Among other defenses, Jeremy argued that Campbell’s claim was barred by the statute of limitations.
 

 ¶ 10. Four months later, Jeremy filed a motion to dismiss.
 
 [2]
 
 Jeremy noted that during the March 7, 2003, hearing on Dorothy’s motion to dismiss, the circuit court gave Campbell thirty days to file an amended complaint. Jeremy further noted that Campbell filed her amended complaint on August 8, 2003. According to Jeremy, Campbell filed her amended complaint twenty-six days after the statute of limitations had expired. Jeremy reasoned that the circuit court should dismiss Campbell’s amended complaint with prejudice.
 

 ¶ 11. On February 11, 2005, Judge William Coleman heard Jeremy’s motion to dismiss. Campbell’s attorney did not attend that hearing. Ultimately, Judge Coleman found merit to Jeremy’s position and held that the statute of limitations ran before Campbell amended her complaint. Judge Coleman then entered a final judgment dismissing Campbell’s claims against Jeremy.
 

 ¶ 12. Campbell later moved to set aside Judge Coleman’s order. After taking the matter under advisement, Judge Lackey denied Campbell’s motion.
 

 STANDARD OF REVIEW
 

 ¶ 13. The Mississippi Supreme Court has recently stated the appropriate standard of review as follows:
 

 A motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure raises an issue of law, which is reviewed under a de novo standard.
 
 Cook v. Brown,
 
 909 So.2d 1075, 1077-78 (Miss.2005). A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint.
 
 Id.
 
 at 1078 (citing
 
 Little v. Miss. Dep’t of Human Servs.,
 
 835 So.2d 9, 11 (Miss.2002)). The allegations in the complaint must be taken as true, and there must be no set of facts that would allow the plaintiff to prevail.
 
 Ralph Walker, Inc. v. Gallagher,
 
 926 So.2d 890, 893 (Miss.2006). This Court need “not defer to the trial court’s ruling.”
 
 Id.
 
 (citing
 
 Roberts v. New Albany Separate Sch. Dist.,
 
 813 So.2d 729, 730-31 (Miss.2002)). This Court must find that there is no set of facts that would entitle a defendant to relief under the law in order to affirm an order granting the dismissal of a claim on a Rule 12(b)(6) motion.
 
 Id.
 
 (citing
 
 Lowe v. Lowndes County Bldg. Inspection Dep’t,
 
 760 So.2d 711, 713 (Miss.2000)).
 

 Rose v. Tullos,
 
 994 So.2d 734, 737(¶ 11) (Miss.2008).
 

 WHETHER THE AMENDED COMPLAINT RELATED BACK TO THE ORIGINAL COMPLAINT.
 

 
 *912
 
 ¶ 14. Campbell argues that the circuit court erred when it dismissed her amended complaint because her amended complaint related back to her original complaint. Mississippi Rule of Civil Procedure 15(c) states:
 

 Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
 

 (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party’s defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.
 

 It is undisputed that Campbell’s amended complaint arose from the same “conduct, transaction, or occurrence” as the original complaint. However, the remaining elements of Rule 15(c) require that Campbell “knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.”
 

 ¶ 15. There was no mistake concerning Jeremy’s identity. As Jeremy’s attorneys note, numerous pleadings and other documents either directly or indirectly indicate Campbell’s awareness of Jeremy’s identity. For example, the accident report indicates that Jeremy was the driver. Additionally, Campbell’s initial complaint contained an allegation that Jeremy drove the car that collided with Campbell’s car. Nothing within the record creates an issue of fact as to whether Jeremy drove the car that collided with Campbell’s car.
 

 ¶ 16. Because there was no mistake in the identity of the proper party, Campbell’s amended complaint does not relate back to Campbell’s original complaint. Accordingly, the circuit court correctly held that Campbell’s amended complaint was barred by the statute of limitations. It follows that we find no merit to this issue.
 

 ¶ 17. THE JUDGMENT OF THE CHICKASAW COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.
 

 [1]
 

 . According to Jeremy’s motion to dismiss, his attorney was not aware that the circuit court entered an agreed order until August 8, 2003, when Campbell's attorney sent Jeremy's attorney a letter stating that the circuit court had entered the order.
 

 [2]
 

 . At the same time, Dorothy filed a second motion for summary judgment.