CARLTON, J.,
dissenting:
¶ 11. I respectfully dissent from the majority’s opinion. The majority provides that this case deals with a state employee’s discretionary function of hiring personnel. This case also addresses, however, the potential personal liability of state employees, Christopher Epps and Dr. Kentrell M. Liddell, for the claims against them individually for alleged tortious acts outside the scope of their employment. I disagree with the trial court’s findings, and I respectfully submit that Dr. Joseph W. Blackston’s complaint raised a question of material fact regarding whether the named state employees, Epps and Dr. Liddell, acted outside the course and scope of their employment thereby subjecting themselves to personal liability for the claims against them individually for the alleged tortious act of interfering with Dr. Black-ston’s employment with a private contractor.
¶ 12. An official does not have immunity for actions outside his or her authority, see 63C Am. Jur. 2d Public Officers and Employees § 301 (2009) (citations omitted), or if acting outside and beyond the scope of his or her duties. Id. (citing Jones v. Kearns, 120 N.CApp. 301, 462 S.E.2d 245 (1995)). “In this regard, when a public official goes entirely beyond the scope of the official’s authority and does an act that is not permitted at all by official duty, the official is not acting in an official capacity and has no more immunity than a private citizen. Such an officer may thereby become amenable to personal liability in a civil suit.” Id. (internal citations omitted). As such, an employee can be held liable for tortious interference with a contract.
¶ 13. Therefore, in my view, summary judgment was improperly granted as to the claims against Epps and Dr. Liddell, individually, for alleged tortious interference with Dr. Blackston’s private employment. With respect to the alternative mo *670 tion not addressed by the trial court, I submit that Dr. Blackston states a claim upon which relief could be granted sufficient to survive a Mississippi Rule of Civil Procedure 12(b)(6) challenge. See M.R.C.P. 8(e).
¶ 14. A review of the record shows that Dr. Blackston filed a complaint on May 25, 2007, naming Epps, Dr. Liddell, and the Mississippi Department of Corrections (collectively the MDOC) as the defendants in the action.[1] The record shows that the MDOC then filed a motion, entitled “Motion to Dismiss and/or for Summary Judgment,” on November 19, 2007, without any exhibits or evidentiary matters attached to consider therewith. The record further reveals that a year later, on November 13, 2008, the trial judge[2] issued an opinion stating that he utilized the standard of review applicable for summary-judgment motions in evaluating the dismissal of the case and provided that he considered the motion as one for summary judgment since evidentiary matters outside the pleadings were considered.[3] However, no evidentia-ry matters outside the pleadings were contained in the record. I submit that the trial judge erred by treating the MDOC’s motion as one for summary judgment because the Mississippi Supreme Court has held that the respondents to a converted summary-judgment motion must be given ten days’ proper notice once a motion to dismiss is converted to a motion for summary judgment, and the MDOC was not provided such notice. See Delta MK, LLC v. Miss. Transp. Comm’n, 57 So.3d 1284 (Miss.2011); State v. Bayer Corp., 32 So.3d 496, 503-04 (¶¶ 24-25) (Miss.2010); Sullivan v. Tullos, 19 So.3d 1271, 1274-76 (¶¶ 14-19) (Miss.2009). Moreover, since the record contains no evidentiary matters outside the pleadings, no notice was provided by the trial court as to what matters outside the record were considered by the trial judge.
¶ 15. As stated, our review of the case reflects that neither the trial judge’s opinion nor the record show that any evidentia-ry matters outside the pleadings were submitted to or considered by the trial court in ruling upon the MDOC’s motion. With respect to the standard of review applied by the trial judge, I, therefore, concur with Dr. Blackston’s contention that the trial judge erred in treating the MDOC’s motion as one for summary judgment, and I submit that the trial judge should have treated the motion as a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6).
*671 ¶ 16. Moreover, I note that in the trial judge’s opinion, he finds Epps and Dr. Liddell were immune from personal liability after finding that their actions fell within the course and scope of their employment. However, the record reveals that no evidentiary matters were presented by either party upon which such fact could be determined by the trial judge, and a review of the pleadings fail to support such a finding.[4] As such, I again find that the pleadings reflect a genuine issue of material fact regarding the issue of whether Epps and Dr. Liddell acted outside the scope of employment in tortiously interfering with a private contractor’s employment decisions by imposing a race requirement.
¶ 17. With respect to an application of a summary-judgment standard of review to the pleadings in this case, the record fails to refute Dr. Blackston’s allegations as to the tortious interference of his employment with Wexford, a private contractor, and the record fails to show agreement as to the facts relevant to Dr. Blackston’s claim of tortious interference with his employment with Wexford. Nothing in the record shows that Epps or Dr. Liddell possessed the authority, by contract or otherwise, to direct a private contractor as to which employees to hire to fulfill the requirements of the medical-services contract, and nothing in the record shows Epps and Dr. Liddell possessed the authority to direct a private contractor to hire medical providers possessing demographic prerequisites to fulfill the requirements of the contract. Certainly, the MDOC possessed the authority to engage in personnel decisions concerning the state employment to fill state MDOC positions under their authority within their agency and discretionary state government immunity would apply thereto; however, such authority fails to extend outside the scope of state employment to directing private contractors regarding who to hire to meet the contract requirements unless the contract specifies that such authority exists. As to this issue, I, therefore, submit that the trial judge erred in dismissing the claims of alleged discriminatory tortious interference with the private employment of Dr. Blackston utilizing summary judgment since a question of material fact clearly existed as to whether the conduct occurred and, also, whether such conduct fell outside the scope of employment and thereby lacked the immunity enjoyed by discretionary decisions within the scope of state employment. See Anderson v. Alps Auto., Inc., 51 So.3d 929, 931 (¶ 11) (Miss.2010) (“A motion for summary judgment is to be granted ‘if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”) (citing M.R.C.P. 56(c)).
¶ 18. Furthermore, I find that the trial court should have reviewed the MDOC’s motion to dismiss and/or for summary judgment as a motion to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6).[5] I further find that, after applying the Rule 12(b)(6) standard, the pleadings were sufficient to move forward in the proceedings. See M.R.C.P. 8(d) (Aver-ments in the complaint, requiring a responsive pleading, are admitted when not denied in the responsive pleading.). The *672 majority contends that Dr. Blackston failed to produce any probative evidence through affidavits or otherwise to support his allegations. However, Rule 8(e)(1) recognizes that Mississippi is a notice pleading jurisdiction, and no technical forms of pleading are required. See Bluewater Logistics, LLC v. Williford, 55 So.3d 148, 158 (¶ 85) (Miss.2011) (finding that Mississippi has been a “notice pleading” state since January 1, 1982, and under Rule 8, a complaint need only contain “a short and plain statement of the claim showing that the pleader is entitled to relief[.]”). Further, Rule 8(e)(2) recognizes that a party may state as many separate claims as he has, regardless of consistency. Therefore, the assertions of various claims by Dr. Black-ston, and any lack of consistency or technical forms therein, are of no consequence since Dr. Blackston stated a claim upon which relief could be granted against Epps and Dr. Liddell for alleged tortious acts falling outside their scope of state employment in their personal capacities. See M.R.C.P. 12(b)(6).
BARNES, J., JOINS THIS OPINION. ROBERTS, J., JOINS THIS OPINION IN PART.

. We pause to note that Epps and Dr. Liddell were sued individually and in their official capacities.

. The record reflects that Judge Tomie Green initially presided over this case but recused herself on March 3, 2008, and the case was reassigned to Judge Bobby Delaughter. On November 13, 2008, Judge William Coleman entered the order granting summary judgment in favor of the MDOC; however, the record fails to show the date on which this case was reassigned from Judge Delaughter to Judge Coleman.

. Compare Sullivan v. Tullos, 19 So.3d 1271, 1273 (¶ 7) (Miss.2009) ("Pursuant to Rule 56 of the Mississippi Rules of Civil Procedure, summary judgment ‘shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”), and Moorman v. Crocker, 38 So.3d 662, 665 (¶ 9) (Miss.Ct.App. 2010) ("Rule 12(b)(6) tests the legal sufficiency of a complaint, and provides that dismissal shall be granted to the moving party where the plaintiff has failed to state a claim upon which relief can be granted. In applying this rule[,j a motion to dismiss should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of the claim.”) (citing Chalk v. Bertholf, 980 So.2d 290, 293 (¶ 4) (Miss.Ct.App.2007)).

. Dr. Blackston alleges in his complaint that the contract between the State and Wexford, the private contractor, required that all clinical positions be maintained for a minimum of six months, and he claimed that Dr. Liddell instructed Wexford to hire only minority physicians. The MDOC denied these allegations in their answer.

. The Mississippi Supreme Court has stated the standard of review applicable to a motion *672 to dismiss pursuant to Mississippi Rule of Civil Procedure 12(b)(6) is as follows:
A motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure raises an issue of law, which is reviewed under a de novo standard. Cook v. Brown, 909 So.2d 1075, 1077-78 (Miss.2005). A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. Id. at 1078 (citing Little v. Miss. Dep’t of Human Servs., 835 So.2d 9, 11 (Miss.2002)). The allegations in the complaint must be taken as true, and there must be no set of facts that would allow the plaintiff to prevail. Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 893 (Miss.2006). This Court [is] "not [required to] defer to the trial court’s [judgment or] ruling.” Id. (citing Roberts v. New Albany Separate Sch. Dist., 813 So.2d 729, 730-31 (Miss.2002)). This Court must find that there is no set of facts that would entitle a defendant to relief under the law in order to affirm an order granting the dismissal of a claim on a Rule 12(b)(6) motion. Id. (citing Lowe v. Lowndes County Bldg. Inspection Dep't, 760 So.2d 711, 713 (Miss.2000)).
Campbell v. Davis, 8 So.3d 909, 911 (¶ 13) (Miss.Ct.App.2009).